In the Matter of George J.
SAWICKI, Debtor.

Bankruptcy No. MM7–80–00940.

United States Bankruptcy Court,
W. D. Wisconsin.

July 13, 1981.

Kenneth J. Doran, Madison, Wis., for debtor.

Michael E. Kepler, Madison, Wis., for trustee.

## OPINION AND ORDER

ROBERT D. MARTIN, Bankruptcy Judge.

An application for interim compensation filed by Kenneth J. Doran, attorney for the debtor, was heard on July 9, 1981. Trustee, Michael E. Kepler, appeared and objected to the allowance of the portion of attorney's fees sought which were incurred in connection with defense of an objection to the dischargeability of a debt filed pursuant to 11 U.S.C. § 523 by Walnut Grove Products. The adversary proceeding contesting dischargeability was compromised and settled by the debtor agreeing to pay the objecting creditor $5,000 which is approximately one-fourth of the debt.

Acknowledging that the greater number of holdings have denied debtor's attorney's fees in defense of dischargeability determinations, Mr. Doran relied on the case of *In Re Vance B. Gray*, 2 B.C.D. 52 (N.D.Me.

1975) to claim that because the obtaining of discharge was central to the purposes of the Bankruptcy Code, the services performed were contemplated by the Act and, therefore, compensable from the estate. Substantial reliance was placed by Judge Cyr in *Gray* and by Mr. Doran upon a United States Supreme Court case, *Conrad, Rubin & Lesser v. Pender*, 289 U.S. 472, 476, 53 S.Ct. 703, 704, 77 L.Ed. 1327, 1329 (1933) to determine that fees of this nature were contemplated by the Bankruptcy Act. However, the *Pender* case dealt only with the question of whether monies paid to any attorney prior to bankruptcy for the purpose of arranging a compromise with creditors fell within the jurisdiction of the Bankruptcy Court for the purposes of reviewing those fees to determine their reasonableness. Although the Supreme Court found the jurisdiction of the Bankruptcy Court to include a review of such fees for reasonableness, no mention was made in that case of compensation for services connected with determinations of dischargeability nor of allowances made for the payment of attorneys from bankruptcy estates. I am unable to find the *Pender* case a useful precedent in the present case and in light of the reliance Judge Cyr placed on that case in deciding *Gray*, disagree with the result he reached in that case.

In the absence of controlling precedent or reason supporting the position of the applicant, I will not depart from the general rule denying a debtor's attorney compensation for services in dischargeability proceedings beyond those contemplated and provided for under the Code in 11 U.S.C. § 523(d). There is nothing in the pleadings nor in the record of settlement which would indicate that Walnut Grove Products pursued its claim of non-dischargeability on less than a reasonable basis or with less than a proper motive. There is no equitable reason to deplete the estate as here requested for the personal assistance of the debtor.

Upon the foregoing which constitute my findings of fact and conclusions of law, I hereby

ORDER the application for interim compensation to be allowed in the amount of

$168.00 and denied as to all other amounts claimed.