PER CURIAM:
 

 This appeal presents the question wheth-
 
 zr
 
 an attorney for the bankrupt is entitled :o compensation out of the bankrupt estate for services rendered to the bankrupt in defeating the oppositions to discharge filed by several creditors. The trial court held that attorneys’ fees for such services are not payable out of the estate. We agree. Because the bankruptcy at issue in this appeal was filed prior to the effective date of the new bankruptcy code, prior law applies. Under the terms of the previous Bankruptcy Act, attorneys’ fees are allowed only to compensate for professional services rendered in connection with the preserva-, tion of the estate. 11 U.S.C. § 104(a)(1), repealed October 1, 1979. The granting or denial of a discharge is personal to the bankrupt and has nothing to do with the preservation of the estate. This court has stated that “legal services designed to benefit the bankrupt personally may not be compensable out of the estate.”
 
 In Re Orbit Liquor Store,
 
 439 F.2d 1351, 1354 (5th Cir. 1971). The Second and Tenth Circuits have specifically held that attorneys’ fees related to defending against objections to the discharge are not payable out of the estate.
 
 In Re Rothman,
 
 85 F.2d 51 (2d Cir. 1936),
 
 Lewis v. Fitzgerald,
 
 295 F.2d 877, 879 (10th Cir. 1961). This view is hereby adopted as the rule of the Fifth Circuit.
 

 AFFIRMED.