**In the Matter of Dennis Jay ZWEIG, Debtor.**

**Bankruptcy No. 82–03361A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Oct. 18, 1983.

Paul W. Bonapfel, Cotton, White & Palmer, Atlanta, Ga., for debtor.

Dale R.F. Goodman, Atlanta, Ga., trustee.

### MEMORANDUM OF OPINION AND ORDER

A. DAVID KAHN, Bankruptcy Judge.

The above-styled bankruptcy proceeding is before the Court on the Debtor's attorney's application for interim compensation and reimbursement of expenses. Attorneys for the Debtor seek $2,057.50 in fees and expenses to be paid out of funds of the estate. The Trustee has objected to the payment of these fees and expenses out of the funds of the estate on the ground that much of the time for which compensation is sought "was for the personal benefit of the Debtor, and the estate should not compensate Attorney for the Debtor for time spent

---

solely for the benefit of the Debtor." Trustee's Objection to Application for Interim Compensation and Reimbursement of Expenses of Counsel for Debtor. A hearing was held on July 20, 1983 at which time the Court heard arguments of counsel. The matter was then taken under advisement.

11 U.S.C. § 331 provides that a debtor's attorney "may apply to the court . . . for such compensation . . . as is provided under section 330 of this title." Section 330 provides that

> [a]fter notice to any parties in interest . . . and a hearing, . . . the court may award . . . to the debtor's attorney—
> (1) reasonable compensation for actual, necessary services rendered . . . based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title; and
> (2) reimbursement for actual, necessary expenses.

The issue before the Court is whether services rendered have to benefit the estate in some way in order for the debtor's attorney to be entitled to be compensated out of the funds of the estate.

First, the Court notes that it is generally held that the Code follows the Act and its case law, with the exception of the amount of rate to be paid. *See, e.g., In re Penn-Dixie Industries, Inc.,* 18 B.R. 834 (Bkrtcy.S.D.N.Y.1982); *In re Underground Utilities Constr. Co.,* 13 B.R. 735 (Bkrtcy.S.D.Fla.1981); 2 Collier on Bankruptcy ¶ 330.04 (15th ed. 1983). The Code rejects the Act's conservative approach to attorneys' fees. Instead, the Code is clear that bankruptcy attorneys should be paid at the same rate as attorneys in comparable fields. 11 U.S.C. § 330; Notes on Committee on the Judiciary, House Report No. 95–595 at 330, U.S. Code Cong. & Admin.News 1978, 5787. However, as to the question of what fees are compensable out of the estate, case law under the Bankruptcy Act is still viable authority.

Under the Act, there was a split in authority as to whether, in order to be eligible to be paid out of funds of the estate, the work for which the fees were assessed must have produced some benefit to the estate. One line of cases held that fees would not be awarded to the extent that the services were in essence a benefit to the debtor rather than to the estate. *See, e.g., In re Jones,* 665 F.2d 60 (5th Cir.1982); *Soteres v. Scroggins (In re Orbit Liquor Store),* 439 F.2d 1351 (5th Cir.1971); *Trauner v. Lipshutz (In re Breus),* 4 B.C.P. 1029, (Bkrtcy.N.D.Ga.1978). Another line of cases held that the debtor's attorneys were entitled to be paid out of the estate in keeping with the Act's "fresh start" purpose. *See, e.g., Lee v. Massey,* No. C80–197A (N.D.Ga. June 27, 1980); *In re Gray,* 2 Bankr.Ct.Dec. 52 (Bkrtcy.N.D.Me.1975). The former line of reasoning seems to be the majority point of view.

The Court finds that the "benefit to the estate" analysis is the better view for policy reasons. The Court recognizes that many of the services performed by a debtor's attorney do benefit the estate. Allowing compensation from the estate for these services, while denying it for services of a more personal nature, such as defending an objection to discharge or a complaint to determine the dischargeability of a debt, would further the "fresh start" objective of the Bankruptcy Code while not putting the full burden of the debtor's legal expenses on the estate and, consequently, the creditors.

Turning now to the case *sub judice,* the Court finds that the items listed in the Summary of Services [herein attached as Exhibit A] under Sections I and II were of a benefit to the estate and are, therefore, compensable. This amounts to a total of 33.7 hours of service. The Court further finds that the items listed under Section III were of a more personal nature to the debtor and, thus, not compensable from funds of the estate. The Debtor's attorneys request an hourly rate of $80.00, which the Court finds to be reasonable. Therefore, the Debtor's attorneys are entitled to $2,696.00. After subtracting $1,425.00 which has already been paid as a retainer, the amount

due the Debtor's attorney is $1,271.00 plus $39.08 for expenses.

In accordance with the reasoning above, the Application of Counsel for Debtor for

Interim Compensation and Reimbursement of Expenses is hereby Granted to the extent of $1,310.08.

IT IS SO ORDERED.

EXHIBIT A

## SUMMARY OF SERVICES RENDERED BY
## COTTON, WHITE & PALMER, P.A.
## IN CONNECTION WITH THE BANKRUPTCY CASE
## OF DENNIS JAY ZWEIG

I.  Services rendered in connection with filing of petition

    A.  Conferences and consultations with client and other advisors (personal attorney, accountant, financial consultant) concerning assets, liabilities, pending litigation, possible beneficial and adverse consequences of bankruptcy, avoidance of preferential transfers, and advantages/disadvantages of filing under Chapters 7, 11, or 13.    6.5 hours

    B.  Preparation of statement of affairs and schedules of assets and liabilities, including analysis of debts, ownership of property, and listing of claims to exempt property.    11.6 hours

    C.  Responses to creditor inquiries, communications to forestall creditor activity in view of automatic stay, and preparation for and attendance at § 341 meeting.    6.5 hours

                TOTAL           22.5 hours

II.  Services rendered in connection with administration of the case in cooperation with the Trustee

    A.  Consultations and communications with client and Trustee concerning marketing and sale of residence, delivery of insurance proceeds.    3.3 hours

    B.  Consultations and communications with client and Trustee concerning location of Mercedes Benz automobile, adverse claim of mechanic's lienor, insurance, condition of automobile, marketing and sale of same.    2.1 hours

    C.  Consultations and communications with client and Trustee concerning tax liabilities of estate, acquisition of data to determine gain on house and loss on Mercedes, Trustee's lien avoidance litigation against Bank of the South, other possible preference litigation and records regarding same.    5.8 hours

                TOTAL           11.2 hours

III.  Services rendered in connection with administration of the case to assist debtor in performance of his duties

    A.  Communications and consultations with client, Trustee, and creditors concerning debtor's interests in property subject to claims of other creditors, including:

        1.  Abandonment of debtor's interest in boat and Mercedes Benz which secured Bank of the South claim.    1.6 hours

        2.  Surrender of leased property to Certified Leasing.    1.5 hours

                            3.1 hours

    B.  Communications and consultations with client and clerk's office regarding attendance at discharge hearing and continuance thereof because of employment responsibilities; attendance at discharge hearing.    1.9 hours

C. Communications with creditors concerning filing of status of case.

.7 hours

D. Consultations and communications with client and his accountant concerning tax liabilities as a consequence of filing petition.   1.3 hours

E. Consultations and communications with client concerning miscellaneous matters involved in administration of case, status of case, sale of assets.

3.0 hours

TOTAL          10.0 hours