**In re Morris Edward (Buddy) EZELL, Debtor.**

**Bankruptcy No. 179–00175.**

United States Bankruptcy Court, M.D. Tennessee.

June 20, 1984.

David M. Pack and James P. Wilson, III, Nashville, Tenn., for debtor.

### ORDER

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on an application for attorneys' fees and expenses filed by the debtor's attorneys, David M. Pack and James P. Wilson (hereinafter referred to as the applicants). An objection to payment of said fees has been made by Southern Sash of Columbia, a secured and unsecured creditor in this case.

In seeking compensation, the applicants alleged that their work in primarily two substantive areas benefitted the creditors of this estate. The applicants negotiated and sold both real property and stock of the estate and the applicants settled two adversary proceedings filed in this case.

Upon consideration of the evidence presented at the hearing, exhibits, stipula-

tions, applicable authority and the entire record, this court concludes that no compensation should be awarded to the applicants.

The court has reviewed the transactions regarding both the sale of real property and the sale of stock. The trustee had originally proposed to abandon the real property, but after efforts on the part of the debtor, the property was sold at auction. While a considerable sum was received through this method of sale, the unsecured creditors received no benefit, since the total liens against the property were in excess of the sale proceeds. Likewise, the sale of Leaflex, Inc. stock provided *de minimis* benefit to the estate since the applicants' efforts resulted in an increase of only $50 from the proposed sale price obtained by the trustee.[1]

The applicants also request fees for their efforts in regard to the settlement of two adversary proceedings filed against the debtor.

In *Sammie D. and Juanita G. Logue v. Morris Edward Ezell*, No. 179–00175, Adv. Proc. No. 180–0633 (Bankr.M.D.Tenn., June 9, 1982), the plaintiffs were seeking to have their debt held non-dischargeable pursuant to § 523(a)(2) on the basis that fraudulent misrepresentations were made by the debtor concerning the sale of real property. A review of the file reflects that the trial was continued twice and finally dismissed with prejudice since no order resolving the matter was filed by either party. Any work performed by the debtor's attorney in defending this action would inure only to the debtor's benefit.

In *Kenneth O. Baker and Joanne M. Baker v. Morris Edward (Buddy) Ezell*, No. 179–00175, Adv.Proc. No. 181–0555 (Bankr.M.D.Tenn., Feb. 5, 1982), the plaintiffs were seeking to have their debt declared non-dischargeable pursuant to sections 523(a)(2), (4) and (5) on the basis that the debtor fraudulently withdrew or caused to be withdrawn escrow account funds. A

default judgment was entered in this matter after the debtor failed to answer the complaint and appear at trial. Any efforts by the debtor's attorneys in this proceeding would also inure only to the debtor's benefit.

Lastly, the applicants are requesting attorneys' fees for 2.2 hours of time spent researching and negotiating an issue regarding certain homestead exemptions due the debtor. To the extent that this time brought funds to the debtor, it would inure only to his benefit and to the prejudice of the creditors in this case.

Under 11 U.S.C. § 330(a)(1) (West 1979) the court may award reasonable compensation to a debtor's attorney for actual, necessary services based on the "... the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this Title; ...". 11 U.S.C. § 330(a)(1) (West 1979). In this Circuit, the criteria for determining reasonable compensation were enunciated in the familiar case of *Cle-Ware Industries, Inc. v. Sokolsky*, 493 F.2d 863 (6th Cir., 1974). *See In re Crutcher Transfer Line, Inc.*, 20 B.R. 705 (Bankr.W.D.Ky. 1982).

The court has examined the applicants' fee application in light of the standards enunciated in *Cle-Ware* and progeny. The court has determined that the applicants appeared in part to have been duplicating services properly performed by the trustee and that the work performed provided little, if any, benefit to the estate. Since benefit as stated herein inured primarily to the debtor, he should pay for the services.

Accordingly, the court hereby ORDERS that the applicants' request for compensation from the estate is DENIED.

IT IS, THEREFORE, SO ORDERED.

---

1. Since the applicants failed to provide an itemization of time spent in regards to the sale of Leaflex, Inc., stock, the court could not award compensation to the applicants for this work, even if their efforts had benefitted the estate.