**In re Charles RHOTEN and Marlene Rhoten, Debtors.**

**No. 382–01980.**

United States Bankruptcy Court, M.D. Tennessee.

Nov. 13, 1984.

See also, D.C., 31 B.R. 572, D.C., 33 B.R. 113.

Margaret Behm, Nashville, Tenn., for debtors.

T. Larry Edmondson, Nashville, Tenn., trustee.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

■ An application for attorney's fees was filed in this Chapter 7 case by Margaret Behm, attorney for the debtors. The trustee objected to the application claiming that much of the work performed by debtors' counsel involved litigation against the estate or defense of the debtor individually and was not compensable from the estate. Subsequently, the applicant revised the fee application to provide a helpful categorization of services rendered. After reviewing the revised application, this court finds that compensation from the estate will be allowed for services in connection with performance of the debtors' duties but not for work protecting the debtors' discharge or exemptions.

The following constitute findings of fact and conclusions of law as required by Bankruptcy Rule 7052.

The applicant's affidavit in support of fees may be summarized as follows:

| CATEGORY OF ACTIVITY | HOURS | FEES REQUESTED |
|---|---|---|
| A. Services in connection with filing of debtor's petition and subsequent conferences and appearances on behalf of the debtors. | 34.47 | 2,435.35 |
| B. Unsuccessful objection to claim of Third National Bank. | 9.75 | 730.00 |
| C. Successful defense of discharge complaint brought by creditor. | 87.236 | 6,214.40 |
| D. Partially successful defense of exemption objections. | 38.42 | 2,706.20 |
| E. Draft of pleadings in response to exemption rulings, appearance at selected exemption hearings and research of miscellaneous issues. | 4.08 | 290.60 |
| TOTAL FEES REQUESTED | | 12,376.55 |
| EXPENSE REIMBURSEMENT REQUESTED | | 280.54 |
| TOTAL FEES AND EXPENSES REQUESTED | | 12,657.09 |
| Less amounts previously paid by debtors | | 3,000.00 |
| NET FEES AND REIMBURSEMENT REQUESTED | | $9,657.09 |

1. The 1978 Code has enabled bankruptcy practitioners to receive reasonable compensation without the prior Act's overriding standard of "economy of the estate" acting as a muzzle on recovery. However, § 330 does not alter the continuing vitality of Act cases which examine

A long discussion of the standards for awarding fees under the Bankruptcy Code is not required. *See In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977); *In re Sapolin Paints, Inc.*, 38 B.R. 807 (Bankr.E.D.N.Y.1984); *In re Werth*, 32 B.R. 442 (Bankr.Colo.1983). Debtors' counsel may be compensated from the estate under 11 U.S.C.A. § 330 (West 1984):

(a) After notice and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

The leading case in this circuit regarding fee awards for debtors' attorneys is *Cleware Industries v. Sokolsky*, 493 F.2d 863 (6th Cir.1974).[1] As enumerated therein (in the context of a reorganization case), the services which are normally compensable from the estate include the following:

[T]he preparation and filing of the schedules and statement of affairs, the petition for arrangement and all other applications and orders which were required except those relating to the operation of the business; appearances on behalf of the debtor in court proceedings; attendance at meetings of creditors to consider the proposed arrangement; preparation

the *type* of services which may be compensable from the estate. *See In re Zweig*, 35 B.R. 37 (Bankr.N.D.Ga.1983); *In re Epstein*, 39 B.R. 938, 11 BANKR.CT.DEC. (CRR) 1280 (Bankr.N.Mex. 1984).

of the application and order for confirmation and attendance at hearings thereon; offering of the required proof of the "feasibility" of the arrangement and that it was in the best interests of creditors; and representation of the debtor in other hearings involving the adoption of the arrangement.

*Cle-ware Industries v. Sokolsky*, 493 F.2d at 876.

The services summarized in category "A" of the instant application are compensable under the *Cle-ware* standard and the cases interpreting § 330 of the Code. The time in this category involved assisting the debtor in performing duties required under Chapter 7. The time invested in these efforts appears reasonable and necessary in connection with the administration of this estate. *See In re Zweig*, 35 B.R. 37 (Bankr.N.D.Ga.1983); *In re Olen*, 15 B.R. 750, 8 BANKR.CT.DEC. (CRR) 555, 5 COLLIER BANKR.CAS.2d (MB) 944 (Bankr.E.D.Mich.1981); 2 L. KING, COLLIER ON BANKRUPTCY ¶ 330.04[3] (15th ed. 1984).

Normally, in a Chapter 7 case, the trustee has the duty to examine proofs of claim and to object when appropriate. 11 U.S.C.A. § 704(4)(5) (West 1984). Except where objections to claims might produce a surplus of assets and a net dividend for the debtor, it is not obvious that a debtor would ordinarily have any interest in objecting to the claims of individual creditors. *See In re Roberts*, 20 B.R. 914, 917, 6 COLLIER BANKR.CAS.2d (MB) 892 (Bankr.E.D.N.Y.1982). Neither § 502(a) of the Code nor Bankruptcy Rule 3007 precludes the filing of objections to claims by debtors in Chapter 7 cases, though the Advisory Committee notes to the rule and commentators have observed that claim objections are generally the province of the trustee. 3 L. KING, COLLIER ON BANKRUPTCY ¶ 502.01 (15th ed. 1984).

Herein, the trustee did not participate in the debtor's objection to the bank's claim. The debtors' standing to object was not challenged at the time of trial and the objection, though unsuccessful, was prosecuted in good faith. The objection involved a sizeable amount and, if successful, would have benefited the allowed general creditors by increasing their dividends. The trustee's objection to this fee request makes no specific argument relative to the time spent litigating the claim dispute. Though it will not always be appropriate to allow a debtor's counsel compensation from the estate for claims litigation, on these facts the 9.75 hours in Category B will be allowed.

The courts are somewhat divided on the issue of compensation from the estate for representation of the debtor in dischargeability proceedings (Category C). *Compare, In re Jones*, 665 F.2d 60 (5th Cir. 1982); *Lewis v. Fitzgerald*, 295 F.2d 877 (10th Cir.1961) (fees for defending objections to the discharge are not payable out of the estate) with *In re Gray*, 7 COLLIER BANKR.CAS. (MB) 571 (Bankr.Me.1975); *In re Spisak*, 2 BANKR.CT.DEC. (CRR) 1592 (Bankr.N.J.1977) ("fresh start" imperative leads to conclusion that such services are compensable from the estate). Recent cases under the Code indicate that the "no compensation" rule has become the accepted view. *In re Ezell*, 45 B.R. 13 (Bankr.M.D.Tenn.1984); *In re Epstein*, 39 B.R. 938, 11 BANKR.CT.DEC. (CRR) 1280 (Bankr.N.Mex.1984); *In re Sawicki*, 12 B.R. 515, 8 BANKR.CT.DEC. (CRR) 2 (Bankr.W.D.Wis.1981); *In re Zweig*, 35 B.R. 37 (Bankr.N.D.Ga.1983). The rationale of these cases is that the services performed benefit the debtor personally and not the estate. Legal services which only benefit the debtor personally and which do not relate to the debtor's administrative responsibilities are generally not compensable out of the estate in a Chapter 7 case.

Similarly, defense of objections to the debtors' exemptions (Category D) is not compensable from the estate. *In re Howerton*, 23 B.R. 58, 7 COLLIER BANKR.CAS.2d (MB) 275 (Bankr.N.D.Tex.1982). Attorney services which attempt to protect and defend the debtor's personal exemptions do not benefit the general creditors.

In Category "E" lies fees which the applicant has described as "services which relate to drafting and filing of appropriate pleadings to carry out the debtors' duties and/or further the winding up of the proceedings." Brief at p. 3. However, an examination of the detail of this time shows that the services primarily concerned the exemption issues and should therefore be disallowed for the reasons stated above.

Finally, debtors' counsel seeks reimbursement for expenses totalling $280.54. The expense items involved have not been categorized to permit the court to determine where they fall in the construct of the issues above. For this reason, the expense reimbursement request is not allowable.

In summary, the time designated in Categories "A" and "B" should be compensated from the estate. An order granting attorney's fees in the amount of $3,165.35 will be entered.