**In re William Riley SPENCER, SS#: 239–36–3609 Debtor.**

**Bankruptcy No. S–83–01665–5.**

United States Bankruptcy Court, E.D. North Carolina.

April 3, 1985.

J. Larkin Pahl, Raleigh, N.C., for William Riley Spencer.

John B. McMillan, Raleigh, N.C., for Joan Dunlow Spencer.

William C. Lawton, Raleigh, N.C., trustee.

C. Christopher Smith, Lumberton, N.C., for Southern Nat. Bank.

### MEMORANDUM OPINION AND ORDER DENYING APPLICATION FOR NUNC PRO TUNC EMPLOYMENT

A. THOMAS SMALL, Bankruptcy Judge.

This matter comes on to be heard upon the debtor's December 14, 1984 Application For Employment And Compensation of Special Counsel, *Nunc Pro Tunc*, seeking authority to employ and compensate the law firm of Boyce, Mitchell, Burns &

Smith, P.A. ("Boyce firm") as special counsel to represent the debtor in his state court alimony and child support litigation. After proper notice, a hearing on the application was held in Raleigh, North Carolina on February 4, 1985.

## FACTS

The debtor, William Riley Spencer, a practicing dentist, filed a petition seeking relief under chapter 11 of the Bankruptcy Code on October 11, 1983. Mr. William C. Lawton was appointed trustee on October 26, 1983.

The debtor's voluntary chapter 11 case was precipitated by claims arising out of a domestic dispute. After more than 15 years of marriage, Dr. Spencer and his wife, Joan Dunlow Spencer, were separated on April 2, 1982. The separation was followed by lengthy and bitter litigation, which resulted in divorce and a judgment against the debtor for obligations incurred by Mrs. Spencer in the amount of $40,861.73, monthly child support, and monthly alimony. The marital litigation also caused the debtor to incur substantial legal fees of his own, and the Boyce firm's prebankruptcy claims for unpaid attorney's fees is $23,665.69.

The marital litigation in the state courts did not stop when the bankruptcy petition was filed. The prebankruptcy alimony judgment was set aside by the North Carolina Court of Appeals and the case was remanded to the state district court. *Spencer v. Spencer*, 70 N.C.App. 159, 319 S.E.2d 636 (1984). The district court entered a second judgment finding for Mrs. Spencer in the same amount as the first judgment, and Dr. Spencer has again appealed.

Dr. Spencer was represented in all of the postbankruptcy state court litigation by the Boyce firm which accumulated fees of at least $17,182.50 and expenses of $2,514.69. This court has not approved the employment of any law firm to pursue the marital litigation, and no such approval was ever sought prior to the debtor's application for *nunc pro tunc* authorization.

The debtor's application was opposed by Mrs. Spencer and by Southern National Bank; the trustee appeared at the hearing, but neither supported nor opposed the application.

The debtor maintains that he cannot file a confirmable plan unless appeals are pursued to reduce the amount of the district court's award to Mrs. Spencer. Employment of the Boyce firm, contends the debtor, benefits the estate to the extent that the challenge to Mrs. Spencer's judgment enhances the chance of reorganization. To date, one and a half years after the petition, no plan of reorganization has been filed and no plan appears imminent.

In addition to Mrs. Spencer's claim for $40,861.73 and unpaid alimony, and the claim of the Boyce firm for prebankruptcy attorney's fees, other unsecured claims total $34,287.45 and include claims of $16,079.77 for Southern National Bank, $7,850 for Mr. and Mrs. N.J. DiBennardi, and $8,728 for Dr. Spencer's professional association.

The debtor's schedules list assets of $547,952, subject to secured debts of $92,528.55.

On August 29, 1984, this court entered a judgment which divided the marital property of Dr. and Mrs. Spencer. After the division, the debtor retained assets which include vested pension and profit sharing benefits in excess of $100,000, real property with a value (equity) in excess of $50,000, and ownership of the professional corporation with a value of approximately $92,000. Mrs. Spencer, for her share of the marital property, received property valued at $311,614.34, plus a "distributive award" of $1,000 per month for 48 months.

## DISCUSSION AND CONCLUSIONS

■ The debtor seeks compensation for legal fees for special counsel employed by the debtor to challenge the marital claims of Mrs. Spencer. These fees, if allowed, would be an administrative expense (11 U.S.C. § 503(b)(2) ) entitled to a first distribution priority (11 U.S.C. § 507(a)(1) )

which would, in the absence of an agreement, be required to be satisfied in full on the effective date of a plan of reorganization. (11 U.S.C. § 1129(a)(9)(A) ).

A debtor may retain counsel without court approval (11 U.S.C. § 329) and counsel for the debtor may be compensated by the estate (11 U.S.C. § 330(a) ). Compensation from the estate for debtor's counsel, however, should only be allowed for services related to the debtor's basic administrative duties in the case, e.g., filing the petition and schedules, appearing at the meeting of creditors (11 U.S.C. § 521, Bankruptcy Rule 4002). Debtor's counsel should not be compensated for services which benefit only the debtor. *In re Zweig*, 35 B.R. 37 (Bankr.N.D. GA 1983); *In re Sawicki*, 12 B.R. 515 (Bankr.W.D. WI 1981) (defense of dischargeability determination); *In re Epstein*, 39 B.R. 938 (Bankr. D.N.M.1984) (defense of dischargeability determination); *In re Rhoten*, 44 B.R. 741 (Bankr.M.D. TN 1984); and *In re Howerton*, 23 B.R. 58 (Bankr.N.D. TX 1982) (defense of exemptions).

Debtor's counsel should also not be compensated for services which are within the province of the trustee or the debtor in possession (11 U.S.C. § 1101(1) ) with the powers of a trustee (11 U.S.C. § 1107). Dr. Spencer was briefly a debtor in possession, but lost that status when Mr. Lawton was appointed trustee on October 26, 1983.

Trustees and debtors in possession may employ counsel, but only with prior court approval. 11 U.S.C. § 327(a), 11 U.S.C. § 327(e), and Bankruptcy Rule 2014. Failure to obtain prior court approval will result in a denial of attorney's fees. *In re Carolina Sales Corporation*, 45 B.R. 750 (Bankr.E.D. N.C.1985). 1 *Norton on Bankruptcy Law and Practice*, § 13.25 at 13–38 (1984).

The bankruptcy court does have the discretion within its equity powers to enter *nunc pro tunc* orders. Such an order, however, should only be entered in the most extraordinary circumstances. To hold otherwise would nullify the requirement that approval be given before counsel is employed. *Carolina Sales* 45 B.R. at 753. The court concludes that extraordinary circumstances are not present in this case.

It is by no means clear that prior court approval would have been granted in this case had it been sought. In order for the employment of the Boyce firm by the trustee or debtor in possession to be allowable, the employment must meet the requirements of 11 U.S.C. § 327(e). Section 327(e) requires that the employment be "in the best interest of the estate." In this instance, the employment may be in the best interest of Dr. Spencer, but it is not necessarily in the best interest of the estate.

Mrs. Spencer understandably is opposed to the estate's financing the debtor's defense of her alimony claim. The largest unsecured creditor, Southern National Bank, which stands to gain from a denial of Mrs. Spencer's claims, also opposes the debtor's application. Southern National Bank's opposition is based on its unwillingness to wait for a resolution of the marital dispute. The debtor has assets which could be liquidated and applied to unsecured claims. While liquidation may not be in the best interest of the debtor, prolonged litigation may not be "in the best interest of the estate." (11 U.S.C. § 327(e) ). (It should be noted that, while Southern National complains of the delay, neither it nor any other creditor has exercised its right to file a plan of liquidation. 11 U.S.C. § 1121(c) ).

The United States Court of Appeals for the Fourth Circuit has indicated, in the strongest terms, that past due alimony and child support obligations should not be included in bankruptcy plans. *In re Caswell*, 757 F.2d 608, (4th Cir.1985). In that case, involving a chapter 13 plan, the court said "[t]he bankruptcy code may not be used to deprive dependents, even if only temporarily, of the necessities of life." At 610.

The debtor is certainly entitled to vigorously defend the alimony litigation in state court, and in doing so, may retain the most competent counsel he can find—he

does so, however, at his own expense, and not at the expense of the estate and his creditors.

 When the trustee was appointed, Dr. Spencer was no longer a debtor in possession and lacked any authority to obligate the estate for attorney's fees in defense of his alimony litigation. Furthermore, even if he had that authority, he failed to obtain the requisite court approval prior to the employment, and all fees must be disallowed. In the absence of any extraordinary circumstances, the request for *nunc pro tunc* authorization will be denied. Accordingly,

**IT IS HEREBY ORDERED** that the debtor's Application For Employment And Compensation Of Special Counsel, *Nunc Pro Tunc,* is DENIED.