**In the Matter of Peter TABALA & Geraldine Tabala, Debtors.**

**Bankruptcy No. 80 B 20106.**

United States District Court, S.D. New York.

April 30, 1985.

## DECISION ON APPLICATIONS FOR ALLOWANCES

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Various applications for allowances have been filed in this case and are now ready for determination.

On February 26, 1980, the debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code. The trustee in bankruptcy commenced an adversary proceeding against the debtors on the ground that they fraudulently transferred real property to their children before the commencement of the Chapter 7 case. The trustee was successful with the result that the transfer was set aside and the real property was returned to the estate. *In re Tabala,* 11 B.R. 405 (Bkrtcy.S.D.N.Y.1981). In view of the fact that a transfer of property by the debtors with actual intent to defraud their creditors could bar their discharge in the Chapter 7 case, they thereafter converted the case to one under Chapter 13. However, they did not make any progress in the Chapter 13 case, with the result that the matter was reconverted to a case under Chapter 7 of the Code. The gross estate was approximately $147,000, most of which related to the fraudulently transferred real estate. The net estate on hand, after previous disbursements, is now approximately $75,683.26.

Mr. Jeffrey Sapir, as trustee in this case, properly computes his statutory commissions to be $2349.39, to which he is entitled, together with properly incurred expenses of $33.73.

■ Barr & Faerber, as attorneys for the interim trustee, seek an allowance of $10,957.50, together with expenses of $70.20. This firm performed beneficial services for this estate and successfully recovered the property that formed the bulk of this estate. Their time sheets support their application and the results achieved by them establish that this firm is entitled to the requested fee of $10,957.50, together with properly incurred expenses of $32.00.

■ Jeffrey L. Sapir, as attorney for the trustee in this case, requests an award of $7562.50 for his attorney's fee and $32.00 for expenses. Mr. Sapir performed his legal services in a very competent and professional manner. It appears that due to matters beyond his control, he was required to conduct two closings with respect to the sale of the real estate and was compelled to commence dispossess proceedings in order to obtain possession of the property for the proposed sale. Based upon the nature of his services, it appears that the sum of $6800 represents a reason-

able fee, which sum should be allowed, together with reimbursement for the properly incurred expenses of $32.00.

■ Blank and Katzman, as attorneys for the debtors, request a fee of $11,282.00, having previously received $200 from their erstwhile clients. They also seek $410 for expenses incurred. Much of the time expended by this firm related to the litigation involving the debtors' fraudulent transfer of their real property and litigation involving an objection by Carvel Corp., a creditor, to bar the debtors' discharge. These activities are not regarded as of any benefit to the estate and accrue primarily for the personal comfort of the debtors. Accordingly, much of this time is not compensable from the estate. As stated in *In re Rhoten*, 44 B.R. 741, 743 (Bkrtcy.M.D.Tenn. 1984):

> The rationale of these cases is that the services performed benefit the debtor personally and not the estate. Legal services which only benefit the debtor personally and which do not relate to the debtor's administrative responsibilities are generally not compensable out of the estate in a Chapter 7 case.

*Accord In re Jones*, 665 F.2d 60 (5th Cir. 1982); *In re Orbit Liquor Store*, 439 F.2d 1351 (5th Cir.1971); *In re Transamerican Freight Lines, Inc.*, 40 B.R. 88 (Bkrtcy.E. D.Mich.1984); *In re Chriss*, 38 B.R. 655 (Bkrtcy.S.D.N.Y.1984); *In re Zweig*, 35 B.R. 37 (Bkrtcy.N.D.Ga.1983). In this respect, it was observed in *In re Olen*, 15 B.R. 750 (Bkrtcy.E.D.Mich.1981) as follows:

> An attorney for the debtor is entitled to compensation for analyzing the debtor's financial condition; rendering advice and assistance to the debtor in determining whether to file a petition in bankruptcy; the actual preparation and filing of the petition, schedules of assets and liabilities, and the statement of affairs; and representing the debtor at the Section 341 meeting of creditors. *In re Kross*, 96 F. 816 (S.D.N.Y.1899). However, there is a consensus of opinion "that the work involved is often largely clerical or more in the nature of an accountant's work and warrants but a small fee for covering the true professional services." 3A Collier on Bankr., § 62.31, at p. 1604 (14th ed. 1975).

Based upon the filing of the original Chapter 7 petition, the conversion to Chapter 13 and the reconversion to Chapter 7, I find that the estate should compensate the firm of Blank and Katzman, in the sum of $1000 for their legal services to the debtors which might be treated as a benefit to the estate. Additionally, Blank and Katzman are entitled to be reimbursed for the disbursement of a $60 filing fee and a $50 real property search. The remainder of the requested expenses are not supported by documentation and are generally regarded as tax deductible office overhead.

Dean Enterprises has submitted a claim for use and occupation in the sum of $8999.42. This figure has not been disputed by the trustee and should therefor be paid.

SUBMIT ORDER.