### In re Stephen George CLEVELAND, Debtor.

**Bankruptcy No. 85–05242–H13.**

United States Bankruptcy Court, S.D. California.

Dec. 8, 1987.

Robert Norwood, Montrose, Cal., for debtor.

Robert H. Plaxico, Asst. U.S. Atty., San Diego, Cal., for U.S.

Harry Heid, San Diego, Cal., Chapter 13 Trustee.

David L. Skelton, San Diego, Cal., for trustee.

## MEMORANDUM DECISION

LOUISE DeCARL MALUGEN,
Bankruptcy Judge.

Robert Norwood, attorney for the debtor Steven George Cleveland, has applied for an award of attorneys fees as an administrative expense for extraordinary services rendered in the debtor's Chapter 13 case. The application presents an issue of apparent first impression of whether an attorney may be compensated through a Chapter 13 plan for services which defend the dischargeability of a debt scheduled in the plan.

## SUMMARY OF FACTS

As might be expected, rather unique circumstances gave rise to this unique problem. The debtor filed a Chapter 13 petition in October 1985; in January 1986, his Chapter 13 plan providing for an 18 percent distribution to unsecured creditors was confirmed. In March 1986, the U.S.A., as assignee of a Health Education Assistance Loan ("HEAL") filed a complaint to determine dischargeability of the HEAL loan. The debtor brought a motion to strike the U.S.A.'s complaint and the U.S.A. brought a cross-motion for summary judgment in the adversary proceeding. In June 1986, U.S.A. also filed a motion to vacate order of confirmation or modify plan. The motions in the adversary proceeding and the motion to vacate order of confirmation were heard by my colleague, Judge John J. Hargrove. Judge Hargrove later ruled on these motions in a memorandum decision reported at 64 B.R. 810 (Bankr.S.D.Cal. 1986). His decision, which found the debt non-dischargeable but also held that the U.S.A. was bound by the confirmed plan to accept payment at the rate contemplated by the plan, has been appealed by the debtor.

## DISCUSSION

Case law is well-settled that an attorney for a debtor in a Chapter 7 case is not entitled to compensation out of the estate for services beneficial only to the debtor and that defense of a non-dischargeability action is not compensable out of the estate. *In re Rothman*, 85 F.2d 51, (2d Cir.1936); *Lewis v. Fitzgerald*, 295 F.2d 877, 879 (10th Cir.1961); *Matter of Jones*, 665 F.2d 60 (5th Cir.1982); *In re Ezell*, 45 B.R. 13 (Bankr.M.D.Tenn.1984); *In re Epstein*, 39 B.R. 938, 11 B.C.D. 1280 (Bankr.N.Mex. 1984); *In re Sawicki*, 12 B.R. 515, 8 B.C.D. 2 (Bankr.W.D.Wis.1981); *In re Zweig*, 35 B.R. 37 (Bankr.N.D.Ga.1983); *In re Rhoten*, 44 B.R. 741, 12 B.C.D. 561 (Bankr.M. D.Tenn.1984). The rationale for the "no compensation" rule is that the purpose of a Chapter 7 case is to maximize the distribution to creditors of the debtor and that services unrelated to the debtor's administrative responsibilities do not benefit credi-

**206**

tors and are not ordinarily compensable out of the estate.

A distinction might be drawn, however, in a case under Chapter 11 or Chapter 13 where counsel renders services in a dischargeability action where other creditors are benefitted by the defense. As observed by the court in *In re Vlachos*, 61 B.R. 473, 482 (Bankr.S.D.Ohio 1986), at page 482:

> In cases under Chapter 11 and 13, the focus of counsels' duty to their clients is to retain the property of the debtors and to provide for the payment of all or some portion of the obligations due creditors.

Unfortunately, when addressing the question of the defense of dischargeability litigation in Chapter 11 and 13 cases, these duties described in *Vlachos* may conflict. For example, in this case, there is no question that the debtor would have been the sole beneficiary had Judge Hargrove granted his counsel's motion to strike the complaint. No additional funds would have become available to his unsecured creditors by reason of a judgment in favor of the debtor.

■ The defense of the U.S.A.'s motion to vacate the order of confirmation or to modify plan is a closer question. Had the U.S.A. prevailed on either prong of its motion, the debtor's Chapter 13 plan would have failed and unsecured creditors would have received nothing. Therefore, defense of the motion had the effect of maximizing distribution to Cleveland's other unsecured creditors. Compensation of counsel for these services appears appropriate even under the above-cited case law.

■ Unfortunately, Norwood has, for the most part, commingled his time records for services rendered in defense of the adversary proceeding and defense of the order of confirmation. It appears that he did so primarily because the U.S.A. took the procedurally improper step of filing a combined motion for summary judgment in the adversary proceeding with a motion to vacate order of confirmation in the Chapter 13 case. Therefore, it seems appropriate to divide all time spent on services after the U.S.A. filed its June 24, 1986, motions, allo-

cating one-half to defense of the adversary proceeding and one-half to defense of the confirmation order. This allocation results in 6.35 hours of time which may be compensated from the estate at Norwood's hourly billing rate of $100 per hour, for a total award of $635.

Mr. Norwood is directed to prepare an order in accordance with this Memorandum Decision within ten (10) days from the date of its entry.