**In re Stuart WEINGARDEN, an individual, and dba Pro Golf Discount, Inc., a California corporation, Debtor.**

**Bankruptcy No. 86–3016–LM11.**

United States Bankruptcy Court, S.D. California.

March 30, 1988.

Jack F. Fitzmaurice, Fitzmaurice & Buchbinder, San Diego, Cal., for debtor.

## MEMORANDUM DECISION

LOUISE DeCARL MALUGEN, Bankruptcy Judge.

Fitzmaurice and Buchbinder, attorneys for Stuart Weingarden, a Chapter 11 debtor, have applied for fees for services in representing the debtor in defense of the dischargeability of the debt owed Nancy Scharaga. The firm's application presents an issue of apparent first impression of whether an attorney may be compensated in a Chapter 11 case for services in defense of a dischargeability of a debt. The issues raised by this application are somewhat similar to those discussed by this Court in the recent decision in *In re Cleveland*, 80 B.R. 204, 16 B.C.D. 1009 (Bankr.S.D.Cal. 1987), involving a Chapter 13 debtor.

### SUMMARY OF FACTS

In June 1986, Stuart Weingarden filed a Chapter 11 case. He listed Nancy Scharaga as a "contingent and disputed" unsecured creditor claiming $15,000. Nancy Scharaga timely filed a complaint to determine non-dischargeability of a debt alleging that Stuart Weingarden committed fraud and/or wilfully and maliciously converted a $15,000 deposit on a condominium she was seeking to purchase. She sought punitive damages for the conversion. After a two-day trial, this Court held that Ms. Scharaga had not proved by clear and convincing evidence that the debt should be non-dischargeable.

Shortly thereafter, the debtor filed a disclosure statement and plan of reorganization. The disclosure statement listed Ms. Scharaga, among others, as a disputed unsecured creditor, claiming $15,000. The disclosure statement further says, "all of the claims in this group are disputed and it is the Debtor's intention to object to these claims" (Disclosure Statement, pg. 10). The debtor's plan provides that, assuming 50 percent of the disputed claim objections are sustained, unsecured creditors will receive 38.69 percent on each dollar of their claim, in full satisfaction of the claim. The means for execution of the plan will be the future operations of the debtor's business

and a distribution out of another bankruptcy estate.

## DISCUSSION

Debtor's counsel concede that case law is well-settled that an attorney for a debtor in a Chapter 7 case is not entitled to compensation out of the estate for services beneficial only to the debtor and that defense of a non-dischargeability action is not compensable out of the estate. *In re Rothman*, 85 F.2d 51 (2d Cir.1936); *Lewis v. Fitzgerald*, 295 F.2d 877, 879 (10th Cir.1961); *Matter of Jones*, 665 F.2d 60 (5th Cir.1982); *In re Ezell*, 45 B.R. 13 (Bankr.M.D.Tenn.1984); *In re Epstein*, 39 B.R. 938, 11 B.C.D. 1280 (Bankr.N.Mex.1984); *In re Sawicki*, 12 B.R. 515, 8 B.C.D. 2 (Bankr.W.D.Wis.1981); *In re Zweig*, 35 B.R. 37 (Bankr.N.D.Ga. 1983); *In re Rhoten*, 44 B.R. 741, 12 B.C.D. 561 (Bankr.M.D.Tenn.1984). However, counsel distinguish services rendered in defense of a Chapter 11 debtor's right to discharge a debt, arguing that in a Chapter 11 case, the outcome of a § 523 action has an impact on the ultimate confirmability of a plan.

Counsel contend that if an action for non-dischargeability of a debt is not defended, a disputed debt can become determined or a punitive damage claim may become fixed. Further, they argue that the holder of a non-dischargeable claim could not be bound by a Chapter 11 plan because the discharge injunction of § 524(a)(2) would not operate against the claimant, leaving the unsatisfied or partly satisfied creditor free to levy after confirmation.

This Court believes that counsel overstate the benefits attributable to the defense of the non-dischargeability action. First, the mere fact that the debt is determined to be dischargeable, does not eliminate the claim for all purposes. If, as here, the claim additionally is disputed, counsel can file a claim objection and be compensated for the services in pursuing the objection. Indeed, the debtor's disclosure statement recognizes that Scharaga's claim was not eliminated for all purposes, since it provides that counsel will be objecting to the claim.

Second, defense of the punitive damage portion of the non-dischargeability action benefits only the debtor and not other unsecured creditors. Any punitive damages which might have been awarded were the non-dischargeability action not defended, would be subordinated in payment to claims of other unsecured creditors [See, 11 U.S.C. § 726(a)(4)]. Therefore, a punitive damage award should have no impact on other unsecured creditors.

The remaining alleged benefit to other unsecured creditors of defending a non-dischargeability action is its effect of permitting a plan not only to be confirmed but also to be performed free of post-confirmation collection efforts. It is undisputed that on the facts known thus far to the Court, this debtor is not in a position to propose a plan paying his unsecured creditors in full. Further, confirmation of this debtor's plan would not have discharged him from any debt excepted from discharge under § 523 [See, 11 U.S.C. § 1141(d)(2)].

Counsel reason that defense of Scharaga's non-dischargeability complaint and the resulting judgment that the claim was dischargeable benefitted unsecured creditors in that it permitted the debtor to reach a point where he could propose a feasible plan. Counsel contend that their failure to defend the non-dischargeability action would have resulted in Scharaga holding an unsecured claim of which only a portion could be satisfied through a plan, leaving her free to levy on post-confirmation assets. It is this argument which has, on its surface, the greatest appeal.

However, analyzing this position more closely, it appears that counsel have ignored the solution to this problem found in § 1122(a) and § 1123(a)(1). These sections permit the debtor to separately classify claims found non-dischargeable and, presumably, to treat them in a manner different than other unsecured creditors whose claims would be subject to the § 1141(d)(1)(A) discharge.

Admittedly, in many instances, confirming a plan which separately classifies non-

dischargeable claims and pays them in full, has the effect of reducing the ultimate distribution to other unsecured creditors. In such cases, where counsel's defense against the allegedly non-dischargeable claim eliminates it entirely or results in an increase in the amount distributed to general unsecured creditors under the plan, then counsel could be compensated for these efforts on the theory that their services benefitted other creditors. However, because of the speculative nature of the alleged benefit which would be conferred by counsel's services, counsel must await the confirmation of the plan before the degree of benefit can be assessed. Even then, such fees should probably be tested by a "cost-benefit analysis" to determine whether the fees generated by the defense were reasonable when compared to benefit conferred upon general unsecured creditors.[1]

To do otherwise would encourage would-be Chapter 7 debtors holding potentially non-dischargeable debts to file Chapter 11 cases instead, litigate the question of dischargeability while protecting post-petition income, and then convert their Chapter 11 cases upon the court's determination that the debts in question are dischargeable—all the while compensating their Chapter 11 counsel at the expense of their creditors. Although this Court is not attributing such Machiavellian designs to counsel for Weingarden, we must be mindful that the ingenuity of counsel may yield a result totally unintended by Congress.

In summary, this Court concludes that the motion for fees for services rendered while representing the Chapter 11 debtor in a dischargeability action must be denied at the present time. The denial is without prejudice to a renewed application to be considered only after an order confirming a Chapter 11 plan is entered and becomes final. At that point, any fee request will be carefully analyzed to determine whether the result obtained by defeating the otherwise non-dischargeable portion of the unsecured debt owed Scharaga has benefitted unsecured creditors to the extent that a fee award is warranted.

Counsel for Weingarden is directed to prepare an order in conformance with this Memorandum Decision within ten (10) days of the date of its entry.

---

1. For example, in this case, had the Scharaga complaint been undefended and the debt been determined non-dischargeable in the amount of $15,000, $5,803.50 or 38.69 percent would have been paid on the claim under the plan as a general unsecured claim. An additional $9,196.50 would have had to be paid because the claim was non-dischargeable. The disclosure statement says that the Scharaga claim has not been eliminated in its entirety and a claim objection has yet to be filed. Therefore, counsel is seeking fees of $8,632.09 for elimination of the $9,196.50 non-dischargeable portion of the Scharaga claim.