**In re Mary E. MOSS, Debtor.**

**Bankruptcy No. 87–01811.**

United States Bankruptcy Court,
D. South Carolina.

July 11, 1988.

---

Robert F. Anderson, Robert F. Anderson, P.A., Columbia, S.C., for trustee.

Barbara George Barton, Robinson, Mendoza, Barton & McCarthy, P.A., Columbia, S.C., for claimant.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Chief Judge.

Before the court is the trustee's objection to the proof of claim of Robinson, Mendoza, Barton & McCarthy, P.A., (hereinafter the Robinson firm). In its proof of claim, filed pursuant to 11 U.S.C. § 330(a), the Robinson firm requests, from the estate, attorneys' fees for services rendered on behalf of the debtor.

## FACTS

The facts are not in dispute. The *Pro Bono Publico* program of the South Carolina Bar Association referred Mary E. Moss (the debtor) to the Robinson firm.

After the Robinson firm prepared the debtor's petition, schedules and statements of affairs, the debtor, on May 28, 1987, filed for relief under chapter 7 of the Bankruptcy Code of 1978, as amended.

In the administration of the case, the trustee concluded that an asset of the estate could be liquidated to produce a distribution to unsecured creditors. When the trustee attempted to sell that asset, the Robinson firm opposed the sale, arguing, *inter alia*, that the asset was not worth enough to justify a sale.

After the trustee sold the asset for approximately $2,000., the Robinson firm filed, on January 12, 1988, its proof of claim in the amount of "$969. in addition to continuing fees and expenses as they are incurred." The Robinson firm requests that the claim, as a claim for attorneys' fees for representing the debtor, be afforded priority status in the distribution of the estate.[1] Attached to the claim is the firm's statement that:

> At the time this case was accepted, it was believed that it was a no-asset Chapter 7 and representation was accepted on a pro bono basis. When it was subsequently determined by the Trustee to be an asset case, the Trustee and the Legal Services office advised that this firm should file a claim for its fee. Since the firm had not anticipated payment, no record of expenses has been kept and they are not shown on the bill. The time entries are incomplete, but there is no way to reconstruct a complete accurate bill. Therefore, this claim is submitted with the knowledge that some time and all expenses are missing and will not be paid. As in any case, fees and expenses continue to accrue and will be the subject of a later claim and fee application.

1. Although the claimant did not indicate on its proof of claim the basis for its request that its claim be afforded priority status, the court presumes that the request is based on 11 U.S.C. § 503(b)(2) and 11 U.S.C. § 507(a)(1).

Absent allowance of the claim, the unsecured creditors may receive approximately fifteen (15%) per cent of their claims. The unsecured creditors will receive nothing if the claim is allowed as filed.

The trustee's objections to the claim are:

1. That so much of the claim for fees as was incurred prior to May 28, 1987, the filing date of the petition for relief, should be allowed as an unsecured claim without priority.

2. That none of the other requested amounts should be allowed because: (a) the Robinson firm was not acting as a professional person within the meaning of 11 U.S.C. § 327; (b) the services were not rendered for the purposes of preserving, protecting, or enhancing the estate; and (c) the fees were not provided for the purpose of assisting the debtor in performing the duties required of her by chapter 7 of the Bankruptcy Code of 1978.

The trustee contends that the services performed by the Robinson firm after May 28, 1987, were efforts to have a non-exempt asset declared valueless and abandoned by the trustee.

### DISCUSSION

■■■ An attorney for a chapter 7 debtor who provides services to that debtor may, under appropriate circumstances, be compensated from monies of the estate, *In re Rhoten,* 12 B.C.D. 561, 44 B.R. 741, 11 C.B.C.2d 1033 (Bankr.M.D.Tenn.1984); and such an attorney may be compensated for the preparation and filing of schedules and statements of affairs. *In re Brady,* 20 B.R. 936, 7 C.B.C.2d 243 (N.D.Ohio 1982). Nevertheless, an attorney for a chapter 7 debtor is not entitled to compensation from an estate unless the fee application clearly discloses that the services rendered were for the benefit of the estate rather than for the debtor personally, and that the services related to the debtor's administrative responsibilities and are otherwise not capable of being performed by the debtor. *In re Schaeffer,* 71 B.R. 559, 561 (Bankr.S.D. Ohio 1987). It appears that much of the time in question was spent contesting the trustee's liquidation of one of the debtor's assets. These services benefitted the debtor, not the estate.

To aid in the court's evaluation of a fee application, it is helpful if the application contains a specific analysis of each task for which compensation is sought. *In re WHET, Inc.,* 58 B.R. 278 (Bankr.D.Mass. 1986). *See also,* Bankruptcy Rule 2016(a). Reconstructed records are less credible than records contemporaneously kept. *Cohen & Thiros, P.C. v. Keen Enterprises, Inc.,* 44 B.R. 570 (N.D.Ind.1984). It is admitted that the fee request here is based upon reconstructed records.

■■ The burden of establishing the reasonableness of the fees rests upon the party making the request. *In re Rosen,* 25 B.R. 81, 86 (Bankr.D.S.C.1982); *In re Hamilton Hardware Co.,* 7 B.C.D. 963, 11 B.R. 326, 4 C.B.C.2d 699 (Bankr.E.D.Mich.1981).

According to its claim the Robinson firm has, prior to May 28, 1987, rendered 4.3 hours of legal services in behalf of the debtor. At the rate of $80 per hour (which appears to be the hourly rate applied in the claim) the Robinson firm should be allowed $344. The trustee does not oppose this.

Upon further consideration of the record, it appears that the claimant has not met its burden of proving that the balance of the services rendered benefitted the estate.

Therefore, IT IS ORDERED, ADJUDGED AND DECREED that the claim filed by the firm of Robinson, Mendoza, Barton & McCarthy, P.C. be, and it hereby is, allowed in the amount of $344. as an unsecured claim having the priority afforded by 11 U.S.C. §§ 503(b)(2) and 507(a)(1).