**In re David Roy OBERREICH and Cindy Lou Oberreich, Debtors.**

**Bankruptcy No. 88–02475.**

United States Bankruptcy Court,
E.D. Wisconsin.

Jan. 17, 1990.

---

Louis L. Croy, trustee, pro se.
William R. Slate, for debtor.

## DECISION

DALE E. IHLENFELDT, Bankruptcy Judge.

The matter before the court concerns entitlement to fees by the debtors' attorney, William R. Slate.

Hearing on applications for compensation and the trustee's final report was held on January 3, 1990. The trustee, Louis L. Croy, appeared in person, but the debtors' attorney, William R. Slate, was unable to appear at the hearing. Except for an objection by the U.S. Trustee that was filed and later withdrawn, as set out below, there have been no objections to the requested fees and disbursements.

The debtors, who operated a dairy farm near Plymouth, Wisconsin, filed a petition under chapter 7 on June 2, 1988. In response to question 20 in the statement of affairs regarding payments to attorneys, the debtors gave no dollar figures but stated, "consulted Attorney Slate concerning financial matters, paid part of the fees." Attorney Slate's fee disclosure statement shows he was paid $200, with $500 remaining to be paid. A written statement attached to the schedules and signed by the debtors indicates the $700 was intended to cover the filing of the schedules and attorney's services to and including attendance at the first meeting of creditors.

On April 6, 1989, the debtors' attorney filed an application for additional fees, indicating that he had received $200 of the $700 originally agreed to and asking for an additional $1076 plus $125 for expenses.

On December 8, 1989, the United States Trustee filed an objection to the above fee request on the ground that the total requested was unreasonable in that the file did not indicate any unusual or extraordinary circumstances justifying the compensation requested, and in addition, that the fee application failed to give a sufficiently detailed statement of the services rendered as required by the rules. In an exchange of correspondence with the United States Trustee, the debtors' attorney offered to adjust his bill and "discount it 15%" as a compromise. In consideration of the attorney's letter and the voluntary reduction which he offered, the United States Trustee withdrew his objection to the fee request.

Even if no objections are raised to a fee application, the court is not bound to award the fees sought, and in fact has a duty to independently examine the reasonableness of the fees. *In re Chicago Lutheran Hosp. Assn.*, 89 B.R. 719, 734–735 (Bankr.N.D.Ill.1988); *In re Pettibone Corp.*, 74 B.R. 293, 299–300 (Bankr.N.D.Ill. 1987).

Examination of the case file reveals the following information. In response to question 14 in the statement of affairs which asks whether the debtors had made any transfer not in the ordinary course of business during the year preceding the petition, the debtors gave the answer, "no transfers." On August 25, 1988, the trustee filed a written objection to the debtors' exemption claims, which objection is incorporated into this decision by reference. The objection contains allegations regarding concealment of property and fraudulent transfers of thousands of dollars to Renee Oberreich, the mother of David Roy Oberreich, during the three or four months just prior to bankruptcy.

On October 27, 1988, the trustee filed an adversary proceeding (Case No. 88–0373) objecting to the debtors' discharge on the grounds that the debtors had failed to keep records and had made fraudulent transfers to Renee Oberreich by executing a financing statement in February, 1988, encumbering their personal property to her, without consideration, and by transferring funds to Renee Oberreich, including $5,000 in May, 1988, without consideration.

On January 5, 1989, the trustee filed an additional adversary proceeding (Case No. 89–0002) against the debtors and Renee Oberreich, repeating the allegations concerning fraudulent transfers and asking for judgment against Renee Oberreich in the sum of $16,978.73.

Following the filing of the two adversary proceedings and on April 7, 1989, the trustee sent a notice to creditors indicating that he had agreed upon a settlement with the debtors and Renee Oberreich. They had paid him $10,000, and in return, unless objections to the proposed settlement were filed, he intended to withdraw his objection to the exemption claims made by the debtors and to dismiss the two adversary proceedings. Apparently, no objections were filed and the trustee's final account shows receipts of $3,500 from the debtors, $6,500 from Renee Oberreich, and $187.76 in interest, a total bankruptcy estate of $10,187.76.

■ The additional work referred to in the application of the debtors' attorney, for which he is asking to be paid $1,201 in fees and disbursements, is detailed in the application. The services in question, which were performed following the § 341(a) hearing on July 21, 1988, cover the period from August 24, 1988 to March 13, 1989. Without exception, they involve the debtors' reaction and response to the trustee's objection to the exemption claims and to the two adversary complaints which seek to deny the debtors' discharge and to recover funds transferred to debtor's mother, Renee Oberreich, just prior to bankruptcy.

Attorneys may not recover fees from the bankruptcy estate unless the services performed are beneficial to the bankruptcy estate. *In re Reed*, 890 F.2d 104 (8th Cir. 1989). The burden of proof to show entitlement to the requested fees is upon the applicant. *In re Chicago Lutheran Hosp. Ass'n.*, supra at 735–736; *In re Pettibone Corp.*, supra at 299. In this case, the record is clear that the services for which compensation is sought were not performed in aid of the trustee to enhance the bankruptcy estate. To the contrary, they were performed rather for the benefit of the debtors and perhaps the debtor's mother, Renee Oberreich, and in direct opposition to the trustee's efforts to enhance the estate.

As shown by the record in the court file, the debtors' attorney, William R. Slate, served the debtors very well in obtaining the settlement and dismissal of the trustee's objections to their exemptions and discharge, and he should be paid for those services. However, he should be paid by the debtors and not by the estate. Attorneys are not entitled to be paid fees and disbursements from the bankruptcy estate for time spent defending the debtor from complaints seeking to deny discharge and complaints to determine dischargeability. *In re Reed*, supra; *In re Sawicki*, 12 B.R. 515 (Bankr.W.D.Wis.1981); *In re Hunt*, 59 B.R. 842 (Bankr.N.D.Ohio 1986); *In re Matter of Ryan*, 82 B.R. 929 (N.D.Ill 1987); *In re Leff*, 88 B.R. 105 (Bankr.N.D.Tex. 1988);

The $700 fee of the debtors' attorney for services up to and including the § 341 hearing and for the preparation and filing of the schedules is reasonable. Inasmuch as such services are beneficial to the estate, the unpaid $500 balance should be paid to the debtors' attorney from the assets of the estate. The balance of the requested fees are not unreasonable but they were for the benefit of the debtors and must be paid by the debtors. An order will be entered accordingly.