**Daniel STEWART, Trustee,**
**Plaintiff–Appellee,**

v.

**LAW OFFICES OF DENNIS OLSON,**
**Defendant–Appellant.**

**Civ. A. No. CA3–88–1798–D.**
**Bankruptcy No. 3–87–34998–SAF–7.**

United States District Court,
N.D. Texas,
Dallas Division.

Nov. 18, 1988.

Christopher J. Moser, of Winstead, McGuire, Sechrest & Minick, Dallas, Tex., for Daniel Stewart, plaintiff-appellee.

Dennis Olson and Robert M. Nicoud, Jr. of Olson & Nicoud, Dallas, Tex., for Law Offices of Dennis Olson, defendant-appellant.

## OPINION

FITZWATER, District Judge.

The attorney for two chapter 7 debtors appeals the bankruptcy court's order requiring him to turn over to the trustee a substantial portion of a prepetition retainer. Finding no error that requires reversal, the order is AFFIRMED.

### I.

Following the entry of an adverse state court judgment, two debtors paid defendant-appellant, Dennis Olson, Esq. ("Olson"), a $17,387.25 retainer to handle an anticipated chapter 7 bankruptcy, to represent them in any dischargeability litigation, and to appeal the adverse state court judgment. Thereafter, the debtors filed a vol-untary chapter 7 petition in the court below. Olson filed the required disclosure of compensation, *see* 11 U.S.C. § 329; Fed.R. Bankr.P. 2016(b), revealing that his law firm had received the prepetition retainer and that the retainer was paid with wage earnings.

At the § 341 creditors' meeting, a representative of trustee Daniel Stewart ("Stewart"), plaintiff-appellee, inquired about the size of the retainer in view of the likelihood that the estate would have few assets. Olson informed the representative that the retainer was paid in anticipation of likely dischargeability litigation involving the adverse state court judgment.[1] The trustee filed a motion to determine the reasonableness of the retainer.

Following a hearing on the motion, the bankruptcy court found that the entire retainer was property of the debtors' estate pursuant to § 541(a)(1) and that $3,000 was a reasonable fee for representing the debtors in their chapter 7 case. The court ordered Olson to turn over to the trustee the remaining $14,387.25 of the retainer. *See In re Leff*, 84 B.R. 72, *superseded*, 88 B.R. 105 (Bankr.N.D.Tex.1988). Olson filed an amended motion for relief from the bankruptcy court's order, asking the court to consider the effect of § 541(a)(3) on its opinion and order. The bankruptcy court vacated its earlier opinion and order but, upon reconsideration, reached the same result. *See In re Leff*, 88 B.R. 105 (Bankr.N. D.Tex.1988). Olson timely filed his notice of appeal.[2]

Olson contends first that the bankruptcy court erred by determining that § 541(a)(1) made the entire prepetition retainer the property of the debtors' estate without first deciding whether any portion was excessive. He urges that "[a] prepaid attorney's fee is therefore not property of the estate prior to any determination under § 329 with a review of all service and

---

1. Such litigation was in fact filed thereafter as an adversary proceeding in the debtors' bankruptcy case.

2. The court raised at oral argument the question whether the order is a final judgment that invokes this court's jurisdiction. *See* 28 U.S.C. § 158(a). Assuming, without deciding, that the order is not "final," the court grants appellant leave to appeal. *See id.* and Fed.R.Bankr.P. 8003; *see also Cavazos v. Simmons*, 90 B.R. 234, 237 n. 4 (N.D.Tex.1988).

charges." (Appellant Br. at 5). Olson argues second that the court erred in ordering an immediate turnover of the excess retainer prior to completion of all legal services. He posits that the bankruptcy court should not have ruled prospectively that a $3,000 attorney's fee is appropriate in a no asset chapter 7 case, but should have awaited determining the question until after conducting an evidentiary review of the services actually performed. He asserts in his brief and reply brief that the case is not a routine no asset case because he was retained by the debtors to represent them in dischargeability litigation and to prosecute an appeal of the adverse state court judgment. Olson argues that the fee for these services will certainly exceed the sum of $3,000, (Appellant Br. at 8; Rep.Br. at 3–4), and contends that the fee set by the bankruptcy court was therefore clearly erroneous (Rep.Br. at 4).

### A.

■ The court considers first whether the bankruptcy court erred by holding that § 541(a)(1)[3] makes the entire prepetition retainer the property of the debtors' estate. The court agrees with appellant that the bankruptcy court's analysis overextends the reach of § 541(a)(1) insofar as it pertains to the portion of a fee earned prepetition.[4]

The bankruptcy court held that the portion of an attorney's fee retainer earned prepetition becomes property of the debtor's estate pursuant to § 541(a)(1) upon the commencement of a case. The court reached this conclusion by applying the following three-step analysis: first, § 541(a)(1) broadly includes in the debtor's estate every conceivable interest of the debtor as of the commencement of the case; second, under Texas law, a debtor retains an equitable interest in property placed in trust, such as retainer funds; third, a debtor has an equitable interest in the entire retainer (including the portion earned prepetition by the attorney) when the debtor has more than a minimal equitable interest in this property. *In re Leff,* 88 B.R. at 107–08.

This court concludes, however, that the bankruptcy court's approach fails adequately to consider §§ 329(b)(1)(A) and 541(a)(3), and thus violates the principle that a statute should not be interpreted so as to render a provision superfluous or insignificant. *See Woodfork v. Marine Cooks & Stewards Union,* 642 F.2d 966, 970–71 (5th Cir.1981).

Section 329(b)[5] empowers the bankruptcy court to order the return of any attorney's fee payment if the compensation exceeds the reasonable value of the services. Section 329(b)(1)(A) authorizes the court to order the excess compensation returned to the estate if the property "would have been property of the estate." The bankruptcy court concluded that the portion of an at-

---

**3.** 11 U.S.C. § 541(a)(1):

The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

**4.** The court agrees with the bankruptcy court that the portion of a prepetition retainer that is *unearned* as of the commencement of a case is property of the estate as defined by § 541(a)(1) because, under Texas law, the debtor has retained an equitable interest in that portion.

**5.** 11 U.S.C. § 329:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—

(1) the estate, if the property transferred—

(A) would have been property of the estate; or

(B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

(2) the entity that made such payment.

torney's fee retainer earned prepetition becomes property of the estate pursuant to § 541(a)(1) where the debtor has more than a minimal interest in the retainer. This interpretation, however, renders § 329(b) and (b)(1)(A) superfluous and insignificant. There was no need for Congress to provide for "the return of any such payment, to the extent excessive, to ... the estate" if the property were otherwise made part of the estate, as of the commencement of a case, pursuant to § 541(a)(1). Similarly, it was unnecessary to provide for the return of property that *"would have been* property of the estate" (emphasis added) if the property were otherwise included in the estate.

Section 541(a)(3)[6] is also rendered insignificant and superfluous by the bankruptcy court's interpretation.[7] This section makes part of the estate several interests in property recovered by a trustee, including an excessive attorney's fee recouped pursuant to § 329(b). In fact, Congress amended § 541(a)(3) in 1984 expressly to include property interests recovered pursuant to § 329(b). *See* Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98–353, § 456(a)(3), 98 Stat. 376. Were § 541(a)(1) alone sufficient to make property of the estate an excessive fee earned prepetition, Congress would not have found it necessary to define property in § 541(a)(3) as including property recovered by the trustee pursuant to § 329(b).

Because a statute should not be interpreted so as to render a provision superfluous or insignificant, the court holds that the bankruptcy court erred when it extended the reach of § 541(a)(1) to the portion of an attorney's fee retainer earned prepetition.

**6.** 11 U.S.C. § 541(a)(3):
    The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: ... (3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.

**7.** The bankruptcy court, in fact, acknowledged that its interpretation of § 541(a)(1) rendered § 541(a)(3) inapposite:

■ Notwithstanding the bankruptcy court's imperfect interpretation of § 541(a)(1), the error is reversible only if it affects a substantial right of Olson. *Webster v. M/V Moolchand, Sethia Liners, Ltd.,* 730 F.2d 1035, 1039 (5th Cir.1984). Olson has acknowledged that if the present case is properly characterized as a no asset chapter 7 case the $3,000 fee award is reasonable. (Appellant Rep.Br. at 2, 3). Accordingly, the bankruptcy court's partial misconstruction of § 541(a)(1) can only be reversible if Olson would have been entitled to a greater fee had the bankruptcy court first determined the excessive portion in order to decide which portion was property of the estate. As the court explains below, however, the bankruptcy court did not err when it determined that $3,000 was a reasonable attorney's fee. Therefore, even had the court below analyzed §§ 329(b) and 541(a)(3) in the manner that appellant urges, the court could still have awarded Olson the $3,000 fee and ordered the remainder returned to the estate.

### B.

The court next determines whether the bankruptcy court erred by awarding Olson's fee prospectively or by failing to conduct an evidentiary review. Given Olson's concession that $3,000 is a reasonable fee in a no asset chapter 7 case (Appellant Rep.Br. 2, 3), these decisions can only constitute error if Olson is correct in contending that the case below should be analyzed as more than a no asset case and that he is entitled to be compensated from the estate for dischargeability litigation. The bankruptcy court, however, appropriately rejected both these contentions.

The case should not be viewed as more than a no asset case. The aspects of the

This equitable interest makes § 541(a)(3) inapplicable since that section applies only where the debtor has not retained an interest in the transferred property. In addition, this equitable interest is sufficient to make the retainer property of the [debtors'] bankruptcy estate.

*In re Leff,* 88 B.R. 105, 107 (Bankr.N.D.Tex. 1988) (citation omitted).

case that Olson relies upon to broaden its scope—the appeal of the state court judgment and the dischargeability litigation—are the type that benefit the debtors personally and not the estate.

The bankruptcy court also correctly held that Olson is not entitled to be compensated from the estate to prosecute the state court appeal or to handle the dischargeability litigation. The clear weight of authority supports the proposition that reasonable compensation under § 330(a)(1)[8] for actual, necessary services means services that benefit the debtor's estate, not the debtor. *See, e.g., Matter of Ryan,* 82 B.R. 929, 931–32 (N.D.Ill.1987) (all decisions interpreting § 330 of Bankruptcy Code carry over near-unanimous view that, as a matter of law, attorneys may recover from the estate only if their labors actually benefit the estate); *In re Taylor,* 66 B.R. 390, 395 (Bankr.W.D.Pa.1986); *In re Moore,* 57 B.R. 270, 271 (Bankr.W.D.Okla.1986); *Matter of Zweig,* 35 B.R. 37, 38 (Bankr.N.D.Ga.1983); *In re Rosen,* 25 B.R. 81, 86 (Bankr.D.S.C. 1982); *see also Matters of Jones,* 665 F.2d 60 (5th Cir.1982) (per curiam) (Bankruptcy Act case) (fees related to defending against objections to discharge not payable from estate); *In re Cleveland,* 80 B.R. 204, 205 (Bankr.S.D.Cal.1987) (case law is well-settled that an attorney for a debtor in a chapter 7 case is not entitled to compensation out of the estate for services beneficial only to debtor; defense of non-dischargeability action not compensable out of estate); *but see In re Deihl,* 80 B.R. 1, 2 (Bankr.D.Maine 1987) (debtor's attorney entitled to compensation under § 330 for defense of dischargeability complaint). The services in a chapter 7 case that benefit the estate are essentially limited to analyzing the debtor's financial condition, rendering advice and assistance to the debtor in determining whether to file a petition in bankruptcy, the actual preparing and filing of the petition and required schedules and statements, and representing the debtor at the § 341 meeting of creditors. *In re Tabala,* 48 B.R. 871, 873 (S.D.N.Y.1985) (quoting *In re Olen,* 15 B.R. 750, 752 (Bankr.E. D.Mich.1981)); *see also In re Riverview Financial Services, Inc.,* 67 B.R. 714, 715 (Bankr.E.D.Mich.1986).

Olson argues, primarily on policy grounds, that a chapter 7 debtor's attorney should be compensated from the estate for dischargeability litigation. He urges that the effect of disallowing compensation from the estate is to deprive a chapter 7 debtor of a zealous advocate because the debtor's assets become part of the estate and the debtor is thereby precluded from paying adequate compensation.[9] Olson must present his policy arguments to the Congress. Even if the court were to find the contentions meritorious, a court must not interpret a statute in a manner not intended by Congress in order to obtain a result that the court finds desirable. Moreover, a chapter 7 debtor has available postpetition wages and exempt property with which to compensate counsel for dischargeability litigation. *See In re Ellrich,* 81 B.R. 132, 134 (Bankr.S.D.Fla.1987). If this available source for payment of attorney's fees is deemed categorically inadequate, the Congress, not this court, must be asked to rectify the deficiency.

---

**8.** 11 U.S.C. § 330(a):

After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

**9.** Olson also suggested at oral argument that this rule may unconstitutionally deprive chapter 7 debtors of a right to counsel. This argument was not briefed on appeal and is deemed waived. *See Holloway v. HECI Exploration Co. Employees' Profit Sharing Plan,* 76 B.R. 563, 572 n. 15 (N.D.Tex.1987), *appeal docketed* (appellate court will not consider matter not briefed).

### III.

In the present case, even had the bankruptcy court first defined what is property of the estate—by conducting an evidentiary review and determining the excessive portion—the court could have reached the same result. Olson has thus failed to present any error that requires reversal, and the bankruptcy court's order is

AFFIRMED.