590 So.2d 544 (1991)
Thomas BAIN, Appellant,
v.
E. Jon WEIFFENBACH, Appellee.
No. 91-01307.
District Court of Appeal of Florida, Second District.
December 18, 1991.
*545 Thomas A. Bain, pro se.
E. Jon Weiffenbach, pro se.
PER CURIAM.
We reverse the summary judgment entered in favor of defendant attorney in this suit to recover a portion of an amount paid by plaintiff for defendant's representation of plaintiff in a criminal case pursuant to a written contract. The contract provided for "a non-refundable retainer of $10,000 [to be] applied at an hourly rate of $110.00."
There are issues of fact created by plaintiff's verified complaint. Those issues are reflected in the following portions of Professional Ethics of The Florida Bar, Opinion 76-27 (2nd ed.) (1991).
5. If a contract provides for the advance payment of a "nonrefundable retainer" which will be applied to the total fee finally earned and billed to the client, is such "nonrefundable retainer" a prepaid fee?
No. Because the payment is described as a nonrefundable retainer, it appears that the client and the lawyer intended that the money would be the lawyer's regardless of what happened thereafter even though it was anticipated that the money would ultimately be applied to the complete fee for legal services. Such a payment differs from a prepaid fee as we have used the term above only in that the money is understood as belonging to the lawyer and not subject to refund whether or not the lawyer actually has to perform the legal services contemplated.
6. If a substantial "nonrefundable retainer" which is in part a prepaid fee is paid to an attorney and, before the attorney performs any service under the contract, the client dies, or fires the attorney, or the services called for by the contract are no longer needed for some other reason, would the attorney be guilty of charging a clearly excessive fee under Disciplinary Rule 2-106(A) if he refused to refund any of the "nonrefundable retainer?"
Such a lawyer might but would not necessarily be guilty of charging an excessive fee. Again, we get into definitions of terms. We interpret the question as referring to a payment by a client to a lawyer of a sum of money designated as "nonrefundable retainer," part of which is intended to compensate the lawyer for being available but not for specific services, and part of which is intended as a present payment for legal services to be performed in the future. If the lawyer performs no legal services, obtains no benefits for the client and has not lost other employment opportunities as a result of agreeing to represent the client, we believe he might well be guilty of charging an excessive fee if he refused to refund part of it. Dealing with an abstract situation, we cannot be more precise.
On the other hand, a lawyer of towering reputation just by agreeing to represent a client may cause a threatened lawsuit to vanish and thereby obtain a substantial benefit for the client and be entitled to keep the entire amount paid to him, particularly if he had lost or declined other employment in order to represent that particular client.
We do not believe that by designating a retainer as nonrefundable, a lawyer automatically insulates himself from a claim that the fee is excessive. Whether or not the fee is excessive under the circumstances is governed by DR 2-106 rather than use of the description "nonrefundable retainer."
Reversed and remanded for proceedings consistent herewith.
RYDER, A.C.J., and LEHAN and PARKER, JJ., concur.