**In re MONDIE FORGE CO., Debtor.**

**Bankruptcy No. B92–11729.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

May 12, 1993.

Daniel D. Wilt, Cleveland, Ohio, for debtor.

David Simon, Cleveland, Ohio, trustee.

Steven S. Davis, Cleveland, Ohio, for trustee.

MEMORANDUM OF OPINION
AND ORDER

RANDOLPH BAXTER, Bankruptcy
Judge.

I.

On September 15, 1992 the Trustee filed a Motion for Review of Attorney's Fees and Order of Turnover pursuant to 11 U.S.C. § 329. The Court's December 4, 1992 Memorandum of Opinion and Order reserved ruling on said motion until a fee application was before the Court. On December 11, 1992 the Trustee filed a Motion to Require a Fee Application be Filed. The Court granted said Motion on December 14, 1992 and ordered that a fee application be filed by January 7, 1993. The fee application and accompanying brief in support were timely filed. The U.S. Trustee filed comments and a hearing was held March 18, 1993.

II.

Attorney Daniel Wilt was paid a prepetition retainer by the Chapter 7 Debtor for legal services. The Compensation Statement of Attorney for the Debtors, required under Rule 2016(b), asserts the retainer was in the amount of $10,000.00. The Statement of Financial Affairs lists the retainer at $12,500.00. Subsequently, an application for employment was filed wherein the Applicant asserted he was to provide professional services to the Debtor. The fee application requests compensation for 81.9 hours and total fees of $12,349.41, reflecting an hourly rate of $150.79. The fee application also requests expense reimbursement of $150.59. No written retainer agreement exists. In view of the fact that no retainer agreement exists, coupled with the inconsistent amount of the retainer alleged, the $12,500.00 figure will be utilized for the purpose of this examination.

The Applicant's fee application and brief reflect that he performed prepetition services in the nature of an attempted workout. He ultimately filed a Chapter 7 petition on the morning of a secured creditor's auction of the Debtor's assets. The Applicant continued to counsel the Debtor post-petition and contends that he has yet to perform certain services to be compensated by the retainer, i.e., dissolution of the debtor corporation under state law after the bankruptcy closes.

III.

Section 329 of the Bankruptcy Code [11 U.S.C. 329] provides:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—

(1) the estate, if the property transferred—

(A) would have been property of the estate; or

(B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, 13 of this title; or

(2) the entity that made such payment.

Section 330 of the Bankruptcy Code [11 U.S.C. 330] provides, in pertinent part:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional per-

sons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

Rule 2016, Bankr.R. provides:

(a) Application for Compensation or Reimbursement. An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. An application for compensation shall include a statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation so paid or promised, whether any compensation previously received has been shared and whether an agreement or understanding exists between the applicant and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case, and the particulars of any sharing of compensation or agreement or understanding therefor, except that details of any agreement by the applicant for the sharing of compensation as a member or regular associate of a firm of lawyers or accountants shall not be required. The requirements of this subdivision shall apply to an application for compensation for services rendered by an attorney or accountant even though the application is filed by a creditor or other entity. Unless the case is a chapter 9 municipality case, the applicant shall transmit to the United States trustee a copy of the application.

(b) Disclosure of Compensation Paid or Promised to Attorney for Debtor. Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 15 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required. A supplemental statement shall be filed and transmitted to the United States trustee within 15 days after any payment or agreement not previously disclosed.

11 U.S.C. § 541 provides in pertinent part:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held.

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

. . . .

(3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553 or 723 of this title.

## IV.

■ Under § 329, attorney fees are scrutinized on the basis of their reasonableness. *See, In re Office Products of America, Inc.,* 136 B.R. 964 (Bankr.W.D.Tex.1992); *Stewart v. Law Offices of Dennis Olson,* 93 B.R. 91 (N.D.Tex.1988); 11 U.S.C. § 329(b). The legislative history of § 329 provides:

Payments to a debtor's attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws, and serious potential for overreaching by the debtor's attorney, and should be subject to careful scrutiny.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 329 (1977); S.Rep. No. 989, 95th Cong., 2d Sess.

39 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5825, 6285.

The policy behind § 329 was further described by the United States Supreme Court in its decision in *Conrad, Rubin & Lesser v. Pender*, 289 U.S. 472, 476–477, 53 S.Ct. 703, 704–05, 77 L.Ed. 1327 (1933) when it discussed § 329's predecessor [former Bankr.R. 220 which revised and superseded § 60(d) of the Bankruptcy Act]:

> The manifest purpose of the provision is to safeguard the assets of those who are acting in contemplation of bankruptcy, so that these assets may be brought quickly and without unnecessary expense into the hands of the trustee, and to provide a restraint upon opportunities to make an unreasonable disposition of property through arrangement for excessive payments for prospective legal services. [citing *In re Wood and Henderson*, 210 U.S. 246, 28 S.Ct. 621, 52 L.Ed. 1046]. We said in the case of *Wood and Henderson* that the statute recognizes the temptation of a failing debtor to deal too liberally with his property in enabling counsel to protect him in the view of financial reverses in probable failure. It recognizes the right of such a debtor to have the aid and advice of counsel, and, in contemplation of bankruptcy proceedings which will strip him of his property, to make provisions for reasonable compensation to his counsel.

Although fee applications are not the usual procedure for a § 329 review of fees, the court may order a fee application to sustain the reasonableness of the charges. *In re McDonald Bros. Const. Inc.*, 114 B.R. 989, 996 (Bankr.N.D.Ill. 1990).

Under § 330, attorney fees are awarded only to the extent that the services are reasonable, actual, necessary and beneficial to the estate. *See, Office Products, supra; Stewart v. Olson, supra;* 11 U.S.C. § 330. Thus, § 330 applies a more stringent standard than § 329. The burden of proof is on the attorney to show the reasonableness of the fees charged. *In re Rheuban*, 121 B.R. 368, 385 (Bankr.

C.D.Cal.1990), *rev'd. on other grounds*, 124 B.R. 301 (C.D.Cal.1990).

Section 330 applies to the review of a retainer, if the retainer is property of the estate. *McDonald Bros., supra* at 993. The fee requested must not only be reasonable, but also must be necessary and beneficial to the estate. *Id.;* 11 U.S.C. § 330. If a retainer meets the tests of § 330, it may be paid out of estate funds. *Id.* In general, an attorney for a Chapter 7 debtor may be compensated from estate funds "for analyzing the debtor's financial condition; rendering advice and assistance to the debtor in determining whether or not to file bankruptcy; the actual preparation and filing of the petition [including schedules and statements]; and representing the debtor at the § 341 meeting of creditors." *Office Products, supra, at 569, quoting, In re Olen*, 15 B.R. 750, 752 (Bankr.E.D.Mich. 1981). Such services benefit the estate and are paid by fee application under § 330. *Id.*

Section 329 applies to review of a retainer if the retainer is not property of the estate. *McDonald Bros., supra.* In such case, the fee need only be reasonable and such compensation may come from the debtor or a third party, but not from estate funds. *Id.;* 11 U.S.C. § 329. Legal services regarding criminal defense, tax liability, and dischargeability litigation may be rendered to the debtor prepetition and postpetition. Because these are services for the benefit of the debtor, and are not necessary and beneficial to the estate, fees for such services will be scrutinized under § 329. *See, In re Rheuban, supra; Office Products, supra; Stewart v. Olson, supra.* These fees may be compensable if reasonable, but not out of estate funds. *McDonald Bros., supra;* 11 U.S.C. § 329.

Thus, whether the retainer is property of the estate is critical with respect to whether the more restrictive standard of review of § 330 applies and whether the fee will be compensable out of estate property. In order for a prepetition retainer held by the debtor's counsel to be property of the estate, the debtor must have some interest in the retainer itself pursu-

ant to applicable nonbankruptcy law at the time the petition is filed. Then § 541(a)(1) deems the property part of the estate. *McDonald Bros., supra,* at 996–7; 11 U.S.C. § 541(a)(1). Although the court may order a return of any funds paid to debtor's counsel as it finds to be excessive [§§ 329(b)(1)(a) and 541(a)(3) ], the possibility of this return does not give the debtor an interest in the transferred funds at the time the case is commenced so as to draw it into the estate under § 541(a). *Id.,* at 997.

 Thus, that portion of a prepetition retainer that is earned prepetition is not property of the estate because the debtor no longer has any legal or equitable interest in such property. *McDonald Bros., supra; Stewart v. Dennis Olson,* 93 B.R. 91 (N.D.Tex.1988). That portion of the prepetition retainer that is unearned may be property of the estate by virtue of § 541(a)(1) depending upon whether, under applicable nonbankruptcy law, the debtor has retained an equitable interest in that portion. *Id.*

The Applicant herein contends that 100% of the retainer was earned prepetition at the time the retainer was paid and therefore § 329 scrutiny is applicable to the entire retainer. In support of this contention the Applicant cites to the case of *Jacobs v. Holston,* 70 Ohio App.2d 55, 58, 434 N.E.2d 738 (1980), which has been cited by bankruptcy courts for the proposition that a classic retainer is earned when paid. In *Jacobs,* the attorney was paid a flat fee of $2,500.00 as a "retaining" fee. The attorney was then to bill the client at an hourly rate for additional work. In *Jacobs,* a written retaining agreement existed that clearly reflected the parties intent that the $2,500.00 was paid as a retaining fee in addition to an hourly rate. The agreement also specifically outlined the services to be performed by the attorney. Attorney Jacobs filed a motion for summary judgment and an affidavit stating that he had clearly explained to his client, prior to the formation of the attorney-client relationship, that the retaining fee of $2,500.00 was a nonrefundable retainer in exchange for Jacob's agreement to accept the case and was not

to be credited towards the hourly work. No counter-affidavits were filed. The court held that because the written agreement between attorney and client was clear and unambiguous in its terms, and the facts surrounding the retention agreement were not in dispute, that the $2,500.00 portion of the fee was nonrefundable. *Jacobs,* 70 Ohio App.2d 55, 58, 434 N.E.2d 738 (1980).

At bar, the Applicant has no written retainer agreement with his client, the Debtor. Moreover, Attorney Wilt's submissions to the Court are inconsistent: (1) the 2016(b) statement and the Statement of Financial Affairs state two different retainer amounts, (2) an application for hourly employment was filed when he contends that he already earned his compensation through a prepetition classic retainer. Fees of $12,349.41 charged against 81.9 hours of work reflects an hourly rate of approximately $150.00 per hour.

 Based upon the foregoing, this Court finds that the Applicant has failed to sustain his burden of proof with respect to establishing he was paid a classic, nonrefundable, flat fee retainer. Accordingly, only those fees for services rendered prepetition are earned prepetition and will be scrutinized under § 329 as they are not part of the estate. Those fees earned prepetition for preparation of schedules and the petition will be accorded scrutiny under § 330. *Office Products, supra.* This Court finds that those fees for services rendered postpetition were not earned prior to the commencement of the bankruptcy. Such fees become property of the estate upon commencement of the bankruptcy case [§ 541(a)(1) ] and will be accorded scrutiny under the standards of § 330.

 As to the fees earned prepetition, this Court finds, for the most part, that such services were actually rendered and that the fees were reasonable. In some instances, the fee application failed to provide enough specificity to determine reasonableness. Some entries were lumped or nondescript. Appropriate deductions were made in accordance therewith. The Applicant's fee application consists of 50.80

hours of prepetition services. Thirty-seven and 85/100 of those hours are approved as being reasonable [§ 329] or as reasonable, necessary and beneficial to the estate [§ 330]. Accordingly, Attorney Wilt is awarded a total of $5,677.50 for prepetition services and $1,942.50 of the prepetition fees are disallowed and are hereby ordered disgorged.

■■■■ The Applicant is seeking compensation for postpetition services for debt counseling and anticipated dissolution of the debtor corporation. Dissolution of a corporation is, in most cases, a relatively simple matter. This is a service beneficial to the debtor, not the debtor's estate and to the extent the fees are reasonable, they may be compensable from the debtor, not the debtor's estate under § 329. Inasmuch as the Applicant has failed to submit to the Court substantiation of fees to be charged the Debtor for this service, he has not met his burden of proof and such fees will be denied.

■■■■ The Applicant's postpetition services for preparation of schedules and attendance at the first creditors' meeting are compensable under § 330. *Office Products, supra,* at 969. Some adjustments resulted from failure to comply with the Court's Fee Application Guidelines. For example, the Court finds that only 2.0 of the 4.50 hours submitted for the March 24, 1992 petition filing and attendance at the auction is compensable as such charge is excessive for a task that is clerical in nature. Moreover, the auction was held on the near west side thus making the 4.5 hour charge excessive. The Court further finds that only 11.75 hours of the 31.10 hours submitted for postpetition fees for services were reasonable, actually rendered, necessary and beneficial to the Debtor's estate and, accordingly, compensation in the amount of $1,762.50 will be awarded and $2,902.50 of said fees is hereby ordered disgorged. Other postpetition services performed by the Applicant are duplicative of the Trustee's duties. *See,* 11 U.S.C. § 704. Clearly, such services are unreasonable and unnecessary, making them noncompensable under both § 329 and § 330.

■■■■ The Applicant's fee application reflects $150.59 of the retainer was expended on filing fees ($140.00) and photocopy expenses ($10.59). Said fees are found to be reasonable.

■■■■ The Trustee asserts that the estate is also entitled to any interest earned on the retainer. Clearly, to the extent the Applicant earned the fees, such is no longer property of the estate and the estate has no right to acquire the interest earned thereon.

■■■■ As to the remaining amount of the retainer, the Ohio Revised Code provides that attorneys must deposit client funds in an interest bearing account. O.R.C. § 4705.09(A)(2). Further, interest earned on such account must be transmitted to the treasurer of state. O.R.C. § 4705.09(B). No amount of the interest earned thereon is to be paid to, nor shall it inure to the benefit of the client. *Id.* Thus, any interest earned on the retainer is not estate property and will not be turned over to the Trustee. 11 U.S.C. § 541(a)(1).

■■■■ The Applicant contends that if fees are disgorged, they must be returned to the debtor and not the debtor's estate. This analysis does not give fair reading to § 329(b)(1)(a) or § 541(1)(a)(3). If the statute required the property be estate property in order to disgorge, then § 329(b)(1)(a) and § 541(1)(a)(3) would be superfluous, at best, because there would be no need to draw into the estate property that which is already part of the estate. Rather, if the retainer would have been property of the estate had it not transferred prepetition, then § 329(b)(1)(a) and § 541(1)(a)(3) mandate such property be transferred to the estate upon disgorgement. *Stewart v. Dennis Olson, supra; Office Products, supra.* The source of the fees is relevant to determine to whom the refund should be paid in the event disgorgement is ordered. *Office Products, supra,* at 971. The Applicant admitted at the hearing that the retainer was paid from the Debtor's assets. Consequently, the disgorged funds referenced herein must be returned to the Debtor's estate.

**240**

### V.

The Trustee's Motion to Review Fees and for Turnover is granted. The Applicant is hereby ordered to remit to the case trustee $4,845.00 in accordance with this Memorandum and Opinion no later than fifteen (15) days from the entry of this Order and Judgment. Each party is to bear its own costs.

IT IS SO ORDERED.

### JUDGMENT

A Memorandum Of Opinion And Order having been rendered by the Court in these proceedings,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Trustee's Motion To Review Fees and for Turnover is granted. The Applicant is ordered to remit to the case trustee $4,845.00 no later that fifteen (15) days from the entry of this Order and Judgment in accordance with this Memorandum and Opinion. Each party is to bear its own costs.