## In re NATIONAL MAGAZINE PUB-LISHING CO. fka Mall Network Publication, Inc., Debtor.

**Bankruptcy No. 94–10859.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Aug. 1, 1994.

M. Colette Gibbons, Cleveland, OH, for debtor.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

In this Chapter 7 case the U.S. Trustee seeks to have the Court review compensation paid to the law firm of Kahn, Kleinman, Yanowitz & Arnson Co., L.P.A. (KKYA) which serves as counsel for National Magazine Publishing Company (the Debtor).

The Debtor filed for voluntary relief under Chapter 7 on March 1, 1994. Pursuant to the requirements of § 329 of the Code and Rule 2016(b), KKYA disclosed the amount of compensation received from the Debtor totalling $15,000.00 as a prepetition retainer. A letter dated March 1, 1994 from KKYA to the Debtor attached to the petition reflects that the $15,000.00 retainer covers attendance and representation of the Debtor at the first meeting of creditors, working with the trustee to facilitate the liquidation of all assets, and attendance at required court hearings. On this basis, the U.S. Trustee asserts that the amount received by KKYA was excessive, and the present motion ensued.

By definition, a "retainer" means:

The act of withholding what one has in one's own hands by virtue of some right. Act of the client in employing his attorney or counsel, and also denotes the fee which the client pays when he retains the attorney to act for him, and thereby prevents the attorney from acting for his adversary. Term can mean a fee not only for the rendition of professional services when requested, but also for the attorney taking the case, making himself available to handle it, and refusing employment by plaintiff's adversary; or it can mean solely compensation for services to be performed in a specific case. (Black's Law Dict., 1979 ed.).

The engagement situation in which the retainer is paid to the attorney prepetition for simply accepting the case and refusing to accept employment offered by his client's adversary is often referred to as a "classic" retainer. That is, the retainer is fully earned upon receipt. *In re Mondie Forge Co.*, 154 B.R. 232 (Bankr.N.D.Ohio 1993). In such a case, the retainer is not estate property and is subject to the reasonable standard of review under § 329. *Id.* If the retainer was paid postpetition, or was not fully earned upon receipt, such as an advance against hourly charges or a security retainer, then the retainer is property of the estate and is subject to the more stringent standard of review of § 330. *Id.* That is, the services charged must be reasonable, necessary and beneficial to the estate. *Id.*

Contending that the $15,000.00 prepetition retainer is excessive in view of the tasks usually required of a Chapter 7 debtor's counsel, the U.S. Trustee seeks an order directing KKYA to disgorge any fee amount deemed excessive. The U.S. Trustee argues that the Court, in reviewing the retainer, should use the standard of review found under § 330; that services and charges therefore be reasonable, necessary and beneficial to the estate. *See In re Mondie Forge Co., supra.*

In opposition to the U.S. Trustee's motion, KKYA argues that the retainer was fully earned prepetition, is not estate property, and, as such, the less stringent standard of review under § 329 is applicable. *Id.* In support of the reasonableness of its retainer charged, KKYA detailed its professional services performed during the period of December 30, 1993 through May 25, 1994. Exhibit "A," reflected those services as being inclusive of prepetition counseling of the Debtor, an examination of the Debtor's books and records, preparation of the Debtor's petition schedules, and "services in connection with the administration of the Debtor's estate."

In the matter at bar, KKYA argues that the retainer received in the amount of $15,000.00 was a classic retainer. Notwithstanding, KKYA has offered no documentation to support such an averment. Firstly, it is conceded by KKYA that there existed no

written retainer agreement in any form at the time the Debtor engaged its professional services. Secondly, the document which KKYA relies upon to support the nature of the retainer is a letter dated March 1, 1994. Its contents do not reflect language characteristic of a classic retainer, nor is it a retainer agreement. Further, the purported letter of clarification dated July 1, 1994 and attached to KKYA's supplemental Brief filed also on July 1, 1994, fails to support the allegation of a retainer which was fully earned upon receipt. Indeed, neither of the two letters support such a construction. The true character of a retainer agreement is to be determined with due regard to the point in time the retainer agreement was actually executed between the attorney and client.

■ As to the reasonableness of the amount of the retainer, the Court notes that the Debtor is a corporate entity, as opposed to an individual. The description of services invoiced by KKYA as early as December 30, 1993 reflect work activities in preparation of a bankruptcy filing. This is unchallenged. The preparatory work was not unduly extensive in view of its relative complexity. Further, the representations that the petition was expected to have been filed in January, 1994 was unchallenged. The filing delay explained by KKYA was plausible and unchallenged, although such delay resulted in additional work chargeable to the Debtor. In view of all of these circumstances, the retainer is not excessive.

■ In conclusion, the $15,000.00 prepetition retainer paid to KKYA is not a classic retainer and is not excessive in amount. The retainer held by KKYA is property of the estate and the individual charges to be made against the retainer will be reviewed according to the standard set forth in § 330. Such review is deferred until such time as a fee application is filed with this Court pursuant to Bankruptcy Rule 2016(a), § 330, § 331 and this Court's Fee Application Guidelines.

IT IS SO ORDERED.