**In re NATIONAL MAGAZINE PUBLISHING CO., fka Mall Network Publications, Inc., Debtor.**

**Bankruptcy No. 94–10859.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Sept. 14, 1994.

M. Colette Gibbons, Cleveland, OH, for debtor.

Saul Eisen, Trustee, Cleveland, OH.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

Kahn, Kleinman, Yanowitz & Arnson, Co., L.P.A. (KKY & A) seeks an order altering or amending this Court's Judgment Entry of August 1, 1994, 170 B.R. 329. Specifically, KKY & A requests that the Court amend its findings to reflect that the retainer paid by Debtor to KKY & A was a classic retainer, not property of the estate, and therefore subject to review only under § 329, not § 330.

■ Bankruptcy Rule 7052 incorporates Fed.R.Civ.P. 52. Therein the Code provides that "the court may amend its findings or make additional findings and may amend the judgment accordingly." Similarly, Bankruptcy Rule 9023 incorporates Fed.R.Civ.P. 59(a) which provides "the court may open the judgment ..., take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." The purpose of a motion to amend findings is to correct manifest errors of law or fact. *Clark v. Nix,* 578 F.Supp. 1515, 1516 (S.D.Iowa 1984); Fed.R.Civ.P. 52(b). It is not intended to provide a litigant with a rehearing. *Heikkila v. Barber,* 164 F.Supp. 587, 592 (N.D.Cal.1958); *David v. Mathews,* 450 F.Supp. 308, 318 (E.D.Cal.1978); *Evans, Inc. v. Tiffany & Co.,* 416 F.Supp. 224, 244 (N.D.Ill.1976).

■ KKY & A's motion does not present the Court with any additional evidence and does not submit any new arguments. KKY & A is merely asking the Court to change its findings with respect to the nature of the retainer at issue.

The term "retainer" is not defined in the Bankruptcy Code. As set forth in this Court's August 1, 1994 Opinion and Order, Black's Law Dictionary defines the term as:

The act of withholding what one has in one's own hands by virtue of some right. Act of the client in employing his attorney or counsel, and also denotes the fee which the client pays when he retains the attorney to act for him, and thereby prevents the attorney from acting for his adversary. Term can mean a fee not only for the rendition of professional services when requested, but also for the attorney taking the case, making himself available to handle it, and refusing employment by plain-

tiff's adversary; or it can mean solely the compensation for services to be performed in a specific case.

Black's Law Dict. (1979 ed.).

■ The term "retainer" does not have a definite meaning. *Id.; Louisiana State Bar Assoc. v. Tucker,* 560 So.2d 435 (1989). The term "retainer" is used in reference to many different fee arrangements. *Id.* One must look to the terms of the agreement between the attorney and the client in order to decipher the nature of the fee arrangement. *Louisiana State Bar Assoc. v. Tucker, supra.*

■ Many names have been applied to retainers, e.g., "classic," "security," "general," "prepaid," and "nonrefundable." The name, however, does not determine the substantive terms of the arrangement between the parties. As in any contract, the court may look beyond any label applied by the parties when construing or interpreting the contract. *State ex rel. Powers v. Capital Endowment Co.,* 129 O.S. 654, 196 N.E. 643 (1935), *app. dismissed,* 296 U.S. 546, 56 S.Ct. 174, 80 L.Ed. 387 (1935); *Cimorelli v. New York Cent. R. Co.,* 148 F.2d 575 (6th Cir. 1965).

■ KKY & A argues that its retainer agreement with the Debtor was earned when paid and is nonrefundable and point to a March 1, 1994 letter from KKY & A to the Debtor in support thereof. Public policy, however, weighs against nonrefundable retainers because they inappropriately compromise the right to sever the fiduciary services relationship with the lawyer. *In re Cooperman,* 83 N.Y.2d 465, 611 N.Y.S.2d 465, 633 N.E.2d 1069 (1994). Further, a true earned upon receipt retainer is one paid to a lawyer in exchange for the promise to represent the client. *In re Hathaway Ranch Partnership,* 116 B.R. 208 (Bankr.C.D.Cal.1990). The consideration cannot include future services if the retainer is truly earned upon receipt. *Id.*

■ Further, in *Bain v. Weiffenbach,* 590 So.2d 544 (1991), the Court stated that a nonrefundable retainer evidences an intention that the money be the lawyer's regardless of what happened thereafter even though it was anticipated that the money would ultimately be applied to the complete fee for legal services. Such a retainer belongs to the attorney and is not subject to a refund whether or not the lawyer actually has to perform the legal services contemplated. *Id.* It is intended to compensate the lawyer for being available but not for specific services and part is intended as a present payment for legal services to be performed in the future. *Id.* By comparison, a prepaid fee is understood as belonging to the client. *Id.*

■ Thus, although nonrefundable retainers have limited acceptance by courts, to be "earned upon receipt" the consideration must pass at the time the agreement is entered.

■ The term "classic" retainer has been used with some consistency among the courts. A classic retainer is generally viewed as a fee paid to secure an attorney's availability over a given period of time. *In re Mondie Forge Co.,* 154 B.R. 232 (Bankr. N.D.Ohio 1993); *In re McDonald Bros. Constr., Inc.,* 114 B.R. 989 (Bankr.N.D.Ill. 1990); *Baranowski v. State Bar of Calif.,* 24 Cal.3d 153, 593 P.2d 613, 154 Cal.Rptr. 752 (1979). As such, a classic retainer may be paid in addition to an hourly charge retainer, prepaid security retainer, or other type of retainer. *See, Jacobs v. Holston,* 70 Ohio App.2d 55, 434 N.E.2d 738 (1980); *Bain v. Weiffenbach, supra.*

KKY & A points to a March 1, 1994 letter that accompanied the petition in support of its contention that it entered into a classic retainer agreement with the Debtor. As noted in this Court's Opinion of August 1, 1994, the contents of that letter do not reflect language characteristic of a classic retainer.

■ First, merely stating that a retainer is fully earned upon receipt and nonrefundable does not satisfy the requirements of a classic retainer. Although a classic retainer is nonrefundable, it is nonrefundable as a result of the fees being fully earned upon receipt. The consideration, therefore, is the present promise of the attorney to represent the client on a given matter. The consideration being exchanged at the time the agree-

ment is entered, the fee is earned upon receipt and consequently nonrefundable. With respect to a classic retainer agreement, hourly charges should be of no effect. A classic retainer is not paid for the purpose of applying the same towards hourly work.[1] The March 1, 1994 letter contains reference to hourly charges and KKY & A's efforts to keep costs down. This reflects that hourly charges for services are a component of the agreement between KKY & A and the Debtor. This is inconsistent with a classic retainer agreement.

Secondly, a classic retainer agreement is an agreement entered into by both the client and the attorney. Notwithstanding KKY & A's argument that such an agreement is not governed by the statute of frauds and, therefore, is not required to be in writing, the agreement and its terms must be proven nonetheless. Here, KKY & A's evidence of a classic retainer agreement is insufficient to sustain its burden of proof. Nonrefundable retainers are disfavored in law. Any such retainer will be closely scrutinized by the court. The March 1, 1994 letter is not signed by the Debtor and is self-serving to KKY & A. The July 1, 1994 letter, although from the Debtor, is not compelling in light of the circumstances surrounding its submission to the Court. The July 1, 1994 letter was clearly prepared in response to a request by KKY & A after the hearing on this matter. The letter was not prepared at the time the alleged classic retainer agreement was entered. To substantiate a nonrefundable retainer, including classic retainers, in this Court, a written document prepared at the time the retainer agreement was actually entered into between the attorney and client, and signed by the client, must be submitted to the Court, containing terms consistent with those of a classic retainer.

Accordingly, the Motion to Alter or Amend is denied.

IT IS SO ORDERED.

---

1. A retainer agreement that provides for the payment of hourly charges may, however, coexist with a classic retainer. *See, Jacobs v. Holston, supra.*